**In re Melinda BRADEN.**

**Melinda BRADEN, Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.**

**Bankruptcy No. 92–40299.
Adv. No. 92–4017.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

June 11, 1992.

---

2. The claim provides for daily interest accruals.

Gina Hudson, Conway, Ark., for plaintiff.

Richard Kalkbrenner, Little Rock, Ark., for defendant.

## ORDER GRANTING MOTION TO SET ASIDE DEFAULT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's "Motion to Set Aside Entry of Default by Court, Response to Plaintiff's Motion for Default Judgment and Motion to Dismiss Complaint."

This adversary proceeding was instituted on February 20, 1992, by the debtor, then in chapter 13. On March 4, 1992, the debtor filed the return of service, reflecting that service of the summons and complaint had been served upon the defendant General Motors Acceptance Corporation ("GMAC") at "P.O. Box 988, Blytheville, AR 72315." On April 3, 1992, the debtor filed a motion to convert the case to a chapter 7 proceeding, which motion was granted by Order entered April 9, 1992. Thereafter a trustee was appointed pursuant to the Bankruptcy Code and Rules.

On May 1, 1992, the debtor submitted a motion for default judgment to the Court, alleging that service had been effected but that the defendant had failed to answer. The Court *sua sponte* entered default against the defendant based upon the Court file and directed the plaintiff to submit a motion for judgment which complied with the requirements of Rule 55, Federal Rules of Civil Procedure.

On May 19, 1992, the defendant filed the instant motion to set aside the default and to dismiss the adversary proceeding. In support of the motion to set aside default, GMAC asserts that it has not been properly served with process such that default was not appropriate. GMAC further asserts that it has meritorious defenses to the action which should be heard. The motion to dismiss is based upon the fact that the bankruptcy proceeding has been converted to a case under chapter 7. GMAC asserts that the cause of action asserted is one belonging to the trustee and not the debtor such that the complaint for turnover of property should be dismissed.

## I. SETTING ASIDE DEFAULT

Rule 7055, Federal Rules of Bankruptcy Procedure governs procedures in setting aside entry of default. Rule 7055(c) provides that default may be set aside upon a showing of good cause. *See generally Belford v. Martin–Trigona (In re Martin–Trigona),* 763 F.2d 503, 505 & n. 2 (2d Cir.1985). As a general rule, courts prefer to resolve genuine disputes on their merits. *Id.* at 505. In support of its motion to set

aside default, GMAC asserts that service of process was insufficient and that it has a meritorious defense to the action.

The Federal Rules of Civil Procedure generally require personal service upon defendants. *See* Fed.R.Civ.Proc. 4. Service may be effected by United States Mail only with the acknowledgment of the defendant. If the defendant fails to acknowledge receipt of the summons and complaint, personal service must be effected. *See generally* Fed.R.Civ.Proc. 4(c)(2)(C)(ii), (d)(1), (d)(3).

■ The procedure set forth in Rule 7004, Federal Rules of Bankruptcy Procedure, governing service of process in adversary proceedings,[1] however, significantly abbreviates the procedures for service by permitting service of a summons and complaint by first class mail. Unlike the Federal Rules of Civil Procedure, no acknowledgement of receipt of service is required under the Federal Rules of Bankruptcy Procedure.

An essential element of justice is notice of suit and opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Company,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Notice must be "reasonably calculated to reach interested parties." *Mullane,* at 318, 70 S.Ct. at 659. The Sixth Circuit, interpreting *Mullane,* recognized the importance in bankruptcy proceedings of "a form of notice which is likely to achieve actual notice in a large volume of cases but [which] is not overly expensive or time consuming." *Creditors Committee of Park Nursing Center, Inc. v. Samuels (In re Park Nursing Center, Inc.),* 766 F.2d 261, 263 (6th Cir.1985). The particular notice problems associated with bankruptcy proceedings—comparatively short time limits and large numbers of persons to be noticed of various proceedings—requires a simple and expeditious method for serving notice. The use of service by mail alone in bankruptcy cases is thus necessary in light of the management problems associated with bankruptcy cases.

■ The Federal Rules of Bankruptcy Procedure state with some specificity the method by which and upon whom service must be effected in order to provide notice of suit. In light of the comparatively abbreviated procedure in bankruptcy, it is of great importance that persons effecting service provide correct notice in accord with the rules.

Rule 7004(b)(3) permits service by first class mail upon a corporation as follows:

> [B]y mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

It is clear from the certificate of mailing and the affidavit submitted by the plaintiff that this procedure was not correctly followed. The failure to effect proper service deprives the court of personal jurisdiction over the defendant, *In re Harlow Properties,* 56 B.R. 794 (9th Cir. BAP 1985), and renders the judgment subject to collateral attack.[2] Accordingly, the defendant has met its burden of demonstrating cause for setting aside the default.

## II. THE MOTION TO DISMISS

■ GMAC contends that this matter must be dismissed inasmuch as debtor has no standing to pursue this action. This argument is well-taken. A chapter 7 trustee has been appointed in this case. The action seeking turnover of property of the estate belongs to the trustee, not to the

---

1. The procedures set forth in Rule 7004 are also applicable to contested matters. Fed.R.Bankr. Proc. 9014.

2. While in some instances courts have asserted jurisdiction despite technically defective service, those cases are limited to circumstances where no material prejudice results. *See, e.g., Jahan Co. v. Dakota Industries, Inc.,* 27 B.R. 575 (D.N.J.), *aff'd,* 725 F.2d 667 (3d Cir.1983). In the instant case, the failure to follow the rule resulted in material prejudice to the defendant inasmuch as it did not in fact receive proper notice of suit and default was entered against it. There is no indication that actual notice was received by any appropriate office of GMAC.

debtor. *See Leird Church Furniture Manufacturing Company v. Union National Bank of Little Rock (In re Leird Church Furniture Manufacturing Company)*, 61 B.R. 444, 446 (Bankr.E.D.Ark. 1986) ("The trustee is now vested with all property of the estate, including this adversary proceeding and all causes of action the debtor formerly possessed.").

■ The Court does not believe that dismissal is necessary at this time, however. The better course to follow is to permit the trustee to determine whether he should be substituted as the party plaintiff or whether the action should be abandoned to the debtor. If no such substitution or abandonment occurs, the action should then be dismissed.

ORDERED as follows:

1. The default against General Motors Acceptance Corporation is set aside.

2. The trustee may, within fifteen (15) days from entry of this order take appropriate action to be substituted as party plaintiff, pursuant to the Federal Rules of Bankruptcy Procedure. In the event the trustee does not assume the cause of action, the debtor has an additional ten (10) days to file a motion to proceed *ex rel* the trustee. If neither of these events occur, this action will be dismissed without further notice or hearing.

3. The defendant GMAC shall file and serve its answer within ten (10) days of entry of an Order either permitting substitution by the trustee or permitting the debtor to proceed *ex rel* the trustee.

IT IS SO ORDERED.