In re PITTMAN MECHANICAL
CONTRACTORS, INC.,
Debtor.

Lee ADDISON, III, Trustee for Pittman
Mechanical Contractors, Inc.,
Plaintiff,

v.

GIBSON EQUIPMENT CO., INC., R.K. Leasing & Rental Systems, Rental Tools & Equipment, John Hancock Mutual Life, Barrett's Auto & Truck, Rudee Inlet Fishing Center, L.A. Prillaman Company, Inc., CNA Insurance Co., Inc., Alexander & Stallings, Norfolk Sheet Metal Works, C.E. Thurston & Sons, Inc., Hobbs & Associates, Inc., Defendants.

Bankruptcy No. 91–24546–B.
Apn. No. 94–2107–B.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

April 5, 1995.

C. Jay Robbins, IV, Nunnally & Robbins, Norfolk, VA, for trustee.

Peter G. Zemanian, Willcox & Savage, Norfolk, VA, for R.K. Leasing.

## MEMORANDUM OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

R.K. Leasing & Rental Systems (R.K. Leasing) brings this Motion to Set Aside Default Judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and Rule 7055 of the Federal Rules of Bankruptcy Procedure. This Court conducted a hearing on March 23, 1995. For the reasons stated herein, the Court finds in favor of R.K. Leasing and sets aside the default judgment awarded the Trustee on August 23, 1994.

### THE FACTS

Pittman Mechanical Contractors, Inc. (Pittman) filed a petition for relief under Chapter 11 of the Bankruptcy Code on August 12, 1991. This case was subsequently converted to Chapter 7 on January 23, 1992, and H. Lee Addison, III, (Trustee) was appointed Trustee. The Trustee commenced this adversary proceeding on January 21, 1994 against various defendants, one of which was R.K. Leasing. The complaint sought to avoid transfers made by Pittman pursuant to 11 U.S.C. § 547(b). The Trustee served the summons and complaint on R.K. Leasing by mail by directing those documents to the defendant as follows:

R.K. LEASING & RENTAL SYSTEMS
ATTN: President or Corporate Officer
2661 Virginia Beach Blvd.
Virginia Beach, Virginia 23452

No response was filed by R.K. Leasing and subsequently, an order for a default judgment against R.K. Leasing for failure to appear or answer was entered on August 23, 1994.

On February 24, 1995, R.K. Leasing filed this Motion to Set Aside Default Judgment on the ground that the Trustee failed to properly serve the corporate defendant pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure. During the hear-

ing on this Motion, R.K. Leasing introduced uncontroverted evidence that it never receive notice of the summons and complaint. In fact, Thomas Kline, the leasing officer of R.K. Leasing testified that R.K. Leasing first received notice of the Trustee's preference action when the Sheriff's Department attempted to levy on the defendant's assets. The leasing officer testified that he handles all of R.K. Leasing's legal affairs and receives its mail. Furthermore, Mr. Kline emphasized that he did not receive a prejudgment or post-judgment demand from the Trustee. Finally, on cross-examination, he confirmed that R.K. Leasing has been at the same address—2661 Virginia Beach Boulevard, Virginia Beach, Virginia—for 30 years. The Trustee did not controvert this testimony.

### THE LAW

The Federal Rules of Civil Procedure (FRCP) generally require personal service. *See* FRCP 4. If the defendant does not acknowledge receipt, then the plaintiff must provide personal service. *Id.* However, Congress recognized the need to insure a simple and expeditious method of serving notice in bankruptcy cases. Bankruptcy proceedings often involve unusual time constraints with numerous, distant parties that must receive notice. Bankruptcy Rule 7004(b)(3) addresses these problems by allowing service by mail alone. This form of service significantly reduces the procedures for service of process on a defendant. Furthermore, acknowledgement of receipt of service is not required in bankruptcy proceedings unlike the Federal Rules of Civil Procedure.

An action to avoid a preferential transfer is an adversary proceeding under the Rule 7001 and service of process of adversary proceedings must comply with Bankruptcy Rule 7004. Although service is permitted in accordance with certain provisions of FRCP 4, the Trustee, as pointed out above, may serve the summons and complaint by first class mail under Bankruptcy Rule 7004. Bank-

ruptcy Rule 7004(b)(3) states that service by first class mail, postage prepaid may be made:

> [u]pon a domestic or foreign corporation ... by mailing a copy of the summons and complaint to the attention of an officer, a managing agent or general partner, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.[1]

An action to set aside a default judgment is governed by FRCP 55(c), 60(b) and FRBP 7055. FRCP 55(c), which is applicable in bankruptcy by virtue of Bankruptcy Rule 7055, states:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

FRCP 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment ...

### DISCUSSION

 The issue before the Court is whether service of the preference action by addressing the summons and complaint to the atten-

---

1. Congress amended 7004(b) to include a reference to new subsection (h). This new section deals with the service of process on insured depository institutions. We have examined sub-

section (h) to shed light on Congress' intent. However, we did not find it particularly useful in our analysis.

tion of the president or corporate officer, without specifically naming an individual, complies with Rule 7004(b)(3). R.K. Leasing argues that the service fails to satisfy 7004(b)(3) because the Trustee addressed the summons and complaint to an office rather than an individual. Initially, R.K. Leasing did not allege that it did not receive service of process. However, the Court received uncontested testimony at the hearing that R.K. Leasing in fact did not receive service. R.K. Leasing primarily relies on *In re Schoon*, 153 B.R. 48 (Bankr.N.D.Cal.1993), in which service similar to the case *sub judice* was held invalid under 7004(b)(3).

In response, the Trustee proffered three arguments in support of his position. First, he argues that service of the summons and complaint complied with the plain language of Bankruptcy Rule 7004(b)(3). Second, the Trustee argues that requiring him to designate a specific officer by name rather than by title would defeat Bankruptcy Rule 7004's policy of rapid and inexpensive adjudication. He warns that inaccurate corporate records may unfairly render proper service invalid and that unscrupulous defendants could alter their records so that the person named in the complaint was no longer an officer on the date of service in order to defeat effective service of process. Finally, the Trustee cites *In re Cossio*, 163 B.R. 150 (Bankr.9th Cir. 1994), in support of his position.

Several courts have dealt with this issue but have reached mixed conclusions. *See Teitelbaum v. Equitable Handbag Co. (In re Outlet Department Stores, Inc.)*, 49 B.R. 536 (Bankr.S.D.N.Y.1985), *In re Village Craftsman, Inc.*, 160 B.R. 740 (Bankr.D.N.J.1993), and *In re Schoon*, 153 B.R. 48 (Bankr. N.D.Cal.1993). *Outlet Department Stores* and *Village Craftsman* appear, at first blush, to support the Trustee's position. However, a closer analysis reveals that neither case is dispositive on the issue here. In *Outlet Department Stores*, the trustee directed service to the attention of the "PRESIDENT OR OTHER OFFICERS." The court noted that the service was "seemingly fully in keeping

with the language of FRBP 7004(b)(3)." *Outlet Department Stores at 539*. But *Outlet Department Stores* does not apply to our case because the court was concerned with the problem of an incorrect address provided by the defendant in its proof of claim. Our case does not involve an address problem. In addition, the defendant in *Outlet Department Stores* actually received the summons and complaint. R.K. Leasing did not. Therefore, *Outlet Department Stores* does not apply to the facts of the case at bar.

Similarly, *Village Craftsman* is not persuasive.[2] In that case, the Chapter 11 debtor directed service to a post office box address that the defendant designated in its proof of claim. The court held that service complied with 7004(b)(3) in reasoning that the defendant could not submit an address to which all notices should be sent and then argue that it was improperly served when notices were sent to that address. This case may be broadly construed for the proposition that service to an individual is not required under 7004(b)(3). However, *Village Craftsman* did not deal specifically with whether service must be directed at an individual rather than an office or title.

In *Schoon*, the debtor served its motion as follows:

HOMEOWNERS LUMBER CO., INC.

Attn: President

409 Petaluma Blvd. South

Petaluma, CA 94952

This form is almost identical to the form used by the Trustee the case sub judice. The *Schoon* court found this form of service improper under 7004(b)(3) and concluded that by addressing the envelope "Attn: President" the debtors did not serve an officer, they served an office. More importantly, the court also held that this method of service failed to meet the minimum due process requirements. *Schoon* recognized that nationwide service of process by first class mail was a rare privilege that can drastically reduce the costs and delay of litigation. As a privilege, the court stated, it is not to be

---

**2.** In fact, one court has determined that service directed to a post office box does not comply with 7004(b)(3). *Braden v. General Motors Ac-* *ceptance Corporation (In re Braden)*, 142 B.R. 317 (Bankr.E.D.Ark.1992).

abused or taken lightly. *Schoon at 49.* We agree.

An essential element of justice is adequate and timely notice of the filing of a suit. *Mullane v. Central Hanover Bank & Trust Company,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Notice must be reasonably calculated to reach interested parties. *Id.* In light of the comparatively lenient procedure in bankruptcy, it is of great importance that persons effecting service provide correct notice in accord with the Rules. *Braden v. General Motors Acceptance Corporation (In re Braden),* 142 B.R. 317 (Bankr. E.D.Ark.1992). *See also In re Schoon,* 153 B.R. 48 (Bankr.N.D.Cal.1993). Rule 7004(b)(3) serves to assure that a corporate defendant is put on actual notice of a lawsuit filed against it. Strict compliance with this notice provision in turn serves to protect due process rights as well as assure that bankruptcy matters proceed expeditiously. Here, R.K. Leasing did not receive the summons and complaint and the Trustee failed to direct the summons and complaint to a named individual within a corporation as required under 7004(b)(3). Accordingly, R.K. Leasing's right to due process was improperly denied.

The Court recognizes the Trustee's concern that service may be unduly defeated if a corporate defendant kept incorrect records or unscrupulously changed its officers to defeat service of process. However, we find the concerns for due process outweigh the Trustee's concerns. If a corporate defendant purposely attempted to evade service by the means suggested by the Trustee, it would greatly increase its chances of having judgments entered against the corporation. Further, service on the registered agent of the corporation by mail is an easy solution to the Trustee's concerns, and a registered agent is easily ascertained from the Virginia State Commission. In fact, service of process on a corporation in Virginia is simplified by Code of Virginia, § 13.1–637, (1950 as amended). Although not argued by R.K. Leasing, had the Trustee merely complied with the requirements of the Virginia Code there would be no issue for the Court in this case.

Returning to the Trustee's other arguments, we find those arguments unpersuasive as well. First, we decline to adopt the Trustee's plain language argument. According to the United States Supreme Court, statutory construction should be limited to the plain language of the statute if the statute is clear and unambiguous. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). We find 7004(b)(3) unclear in that we cannot determine from the plain language of the statute whether a plaintiff is required to serve an individual by name rather than by office or title. Accordingly, we decline to accept this argument.

Second, we disagree with the Trustee's assertion that the Court should not follow *Schoon* in light of *Cossio* and that *Cossio* is dispositive of the issue before us. The facts in *Schoon* are almost identical to our facts and nothing in *Cossio* contradicts or conflicts with *Schoon.* Further, we find *Cossio* inapplicable to our issue because it involved 7004(b)(9) and not 7004(b)(3).

## HOLDING

The Trustee's method of service did not meet the requirements of Rule 7004(b)(3) and failed to provide due process. We resolve the dispute in favor of R.K. Leasing, and accordingly,

IT IS ORDERED that the Motion to Set Aside Default Judgment is GRANTED and the Judgment entered against R.K. Leasing in this matter is set aside in accordance with this Opinion.