**In re Joe Burns HARDY, III, Debtor.**

**Mary TULLOCK, Plaintiff,**

v.

**Joe Burns HARDY, III, Defendant.**

**Bankruptcy No. 95–30436.**
**Adv. No. 95–3077.**

United States Bankruptcy Court,
E.D. Tennessee.

Oct. 16, 1995.

L. Kirk Wyss, Morristown, Tennessee, for Plaintiff.

John P. Newton, Jr., Knoxville, Tennessee, for Defendant.

### MEMORANDUM ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The Plaintiff, Mary Tullock, initiated this adversary proceeding on June 23, 1995, seeking a determination of the dischargeability of a debt pursuant to 11 U.S.C.A. § 523(a)(2)(A) (West 1993 & Supp.1995).[1] The summons was issued by the clerk on June 29, 1995, and the Certificate of Service filed by the Plaintiff's attorney, L. Kirk Wyss, on July 18, 1995, states that service was made on July 5, 1995, by mailing the summons and a copy of the complaint to the debtor and his attorney, John P. Newton, Jr., by "[r]egular, first class

United States mail, postage fully pre-paid." In fact, the summons and complaint were mailed to the debtor and his attorney by certified mail, return receipt requested. The return receipts, which were mailed to the clerk by the Plaintiff's attorney on August 3, 1995, and received on August 7, 1995, establish that the debtor's attorney received the summons and complaint on July 6, 1995, and the debtor received the summons and complaint on July 17, 1995. By a letter dated July 17, 1995, the debtor's attorney advised Mr. Wyss that he, Mr. Newton, had mailed a copy of the complaint to the debtor.

The Defendant failed to respond to the complaint and on August 24, 1995, the Plaintiff filed a Motion for Default Judgment, which was granted by an Order entered August 28, 1995.[2] On September 7, 1995, the Defendant filed his Answer together with a Motion to Set Aside Default Judgment (Motion). The Plaintiff filed a Response to Motion to Set Aside Default Judgment on September 12, 1995, opposing the debtor's Motion. On October 10, 1995, the debtor filed a brief entitled "Defendant's Brief in Support of Motion to Set Aside Default Judgment" with supporting exhibits including affidavits executed by the debtor and his attorney on October 9 and 10, 1995, respectively.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West 1993).

### I

The debtor contends in his Motion that (1) he "has a meritorious defense to the Complaint" and is prejudiced by the default judgment; (2) he moved to a new address, which was provided to the court on May 31, 1995, but "the complaint and summons were

---

1. The Plaintiff is the co-obligor on a note executed by the debtor on September 15, 1994, in favor of First Tennessee Bank National Association in the original principal amount of $21,259.32. She avers in her complaint that the Defendant, by false representations and fraud, induced her to sign the note and pledge her home to secure its repayment; that the debtor received the entire proceeds from the loan; and that she is entitled to a determination that her underlying obligation to the bank is nondischargeable.

2. The Order awards the Plaintiff a default judgment of nondischargeability against the debtor for an unstated amount. Specifically, the Order

provides that "the debt owing by the debtor to First Tennessee Bank National Association and, by extension, to the co-debtor, Mary Tullock, plaintiff herein, is a non-dischargeable debt pursuant to 11 U.S.C. [§] 523(a)(2)(A)." The court does not construe this Order to grant a nonparty, First Tennessee Bank National Association, a nondischargeable judgment against the debtor. Rather, the judgment of nondischargeability was awarded to the Plaintiff against the debtor to the extent of the Plaintiff's liability to the bank as a co-obligor on the debtor's September 15, 1994 note. *See supra* note 1.

served on the debtor[']s former address"; (3) he was advised by his attorney that a complaint had been filed and "[n]either the debtor nor the attorney noted a deadline for filing an answer since the date of service on the debtor/defendant was not known"; and (4) his attorney, Mr. Newton, had advised him "that no answer would be filed unless the fees were paid or an agreement for payment was reached," and the delay in the filing of the Answer was caused by his failure to pay his attorney's fee. Finally, the debtor states in his Motion that "[p]rior to a resolution of this problem [with the attorney's fee], the plaintiff filed her Motion for Entry of Default. Since the debtor has resolved the legal fees with counsel an Answer has been prepared."

The Plaintiff argues in her Response to Motion to Set Aside Default Judgment that (1) the debtor's failure to pay his legal fees does not constitute excusable neglect; (2) the debtor accepted service at his old address "more than thirty days prior to the filing of the Motion to Set Aside Default Judgment"; and (3) the debtor's attorney advised her attorney that the old address was in fact the debtor's correct address.

## II

■ The debtor and his attorney were served pursuant to Fed.R.Bankr.P. 7004(b) [3] on July 5, 1995, the date specified on the Certificate of Service that the summons and a copy of the complaint were mailed. Service was complete upon mailing, which creates a presumption that the summons and complaint were received by the addressees. Fed.R.Bankr.P. 7004(b), (f); *Bratton v. Yoder Co. (In re Yoder Co.),* 758 F.2d 1114, 1118 (6th Cir.1985) ("The common law has long recognized a presumption that an item properly mailed was received by the addressee.") In the present case, receipt of the summons and complaint by the debtor and his attorney is not only presumed but is conclusively established by the return receipts mailed to the clerk by the Plaintiff's attorney on August 3, 1995, and received on August 7, 1995. *See Weigner v. City of New York,* 852 F.2d 646, 650 (2d Cir.1988) (stating that a signed return receipt "would provide virtually conclusive evidence that the notice was received"), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989); *Gazes v. Kesikrodis (In re Ted A. Petras Furs, Inc.),* 172 B.R. 170, 176–77 (Bankr.E.D.N.Y. 1994) (concluding that service by certified mail meets the requirements of Fed. R.Bankr.P. 7004(b)). The return receipt signed by the debtor shows that he received the summons and complaint mailed to Post Office Box 141, Watauga, Tennessee 37694. Mr. Newton, the debtor's attorney, by a letter dated July 17, 1995, informed the Plaintiff's attorney, Mr. Wyss, that "P.O. Box 141, Watauga, TN 37694 is his [the debtor's] correct address and is the only address that I have. He [the debtor] will be picking up the certified mail at the old address."

■ Federal R.Civ.P. 55(c), incorporated into Fed.R.Bankr.P. 7055, provides in material part that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The standard for setting aside a default judgment differs from that for setting aside an entry of default, as explained by the Sixth Circuit:

The same considerations exist when deciding whether to set aside either an entry of default [under Rule 55(c)] or a default judgment [under Rule 60(b)], but they are to be applied more liberally when reviewing an entry of default. While a default judgment may be vacated only by satisfying the stricter standards applied to final,

---

**3.** Rule 7004(b) provides in material part:

[S]ervice may be made within the United States by first class mail postage prepaid as follows:

. . . .

(9) Upon the debtor . . . by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address. Fed.R.Bankr.P. 7004(b). Pursuant to Bankruptcy Rule 7004(f), "[i]f service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons." Fed. R.Bankr.P. 7004(f).

appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown."

*Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990) (per curiam) (quoting Fed.R.Civ.P. 55(c)), *quoted in Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 208 (6th Cir.1995).

Federal R.Civ.P. 60(b), as incorporated into Fed.R.Bankr.P. 9024 with certain exceptions that are inapplicable to this case, provides in material part: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Part 6 of Rule 60(b) is only applicable " 'in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.' " *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989)), *quoted in Manufacturers' Indus. Relations Ass'n,* 58 F.3d at 207 n. 1. In the present case, exceptional or extraordinary circumstances do not exist; therefore, only part 1 of Rule 60(b) need be applied. *See INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 396–400 (6th Cir.) (applying Rule 60(b) where the motion opposing entry of the default judgment was filed within ten days after the court granted the plaintiff's motion for default judgment), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987).

■ In determining whether to set aside a default judgment, the following factors must also be considered: (1) "whether the non-defaulting party will be prejudiced"; (2) "whether the defendant [as the defaulting party] has a meritorious defense"; and (3) "whether the culpable conduct of the defendant led to the default." *Smith v. Commissioner,* 926 F.2d 1470, 1479 (6th Cir.1991) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983)); *see INVST Fin. Group, Inc.,* 815 F.2d at 398. In applying these three factors

in conjunction with Rule 60(b)(1), the Sixth Circuit has stated:

[O]nce the court has determined damages and a judgment has been entered, the ... court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation. . . .

... When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds ... under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

*Waifersong, Ltd. Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992) (footnote omitted) (quoting Fed.R.Civ.P. 60(b)(1)).

■ The Defendant is required to demonstrate that his "default was the product of mistake, inadvertence, surprise, or excusable neglect." *Manufacturers' Indus. Relations Ass'n,* 58 F.3d at 209–10; *Waifersong, Ltd. Inc.,* 976 F.2d at 292. "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993). However, where a party's " 'behavior amounts to a deliberate disregard of the proceedings pending against [it] ... [and the party] intentionally chose to ignore the proceedings,' " the court is not obliged to grant relief from a default judgment under Rule 60(b)(1). *Waifersong, Ltd.*

*Inc.*, 976 F.2d at 291 (quoting lower court's unreported decision).

■ The debtor supports his Motion with a number of grounds. First, he states that he "has a meritorious defense to the Complaint" and is prejudiced by the default judgment. However, other than a statement in his brief that "the debt to First Tennessee was discharged on July 27, 1995[,] and the Defendant denies any factual 'theories' raised by the Plaintiff to create a cause of action under 11 U.S.C. § 523," he makes no averment as to what the "meritorious defense" might be.[4] The court, therefore, gives no credence to this argument.

■ Second, the debtor avers that he "moved and a new address was provided on May 31, 1995[,] to the court as shown in the attached Exhibit and apparently the complaint and summons were served on the debtor[']s former address." There is no exhibit appended to the Motion. Furthermore, as previously discussed, it is undisputed that service was timely made pursuant to Fed. R.Bankr.P. 7004(b) and (f) and that both the debtor and his attorney received the summons and a copy of the complaint. The debtor's contention that he filed a new address, while correct, is not sufficient to defeat the service of process in this adversary proceeding.[5] "The purpose of ... [Rule 7004(b)(9) ] is to clarify and simplify problems of service on the debtor particularly when the debtor has moved after the filing of the petition." 9 *Collier on Bankruptcy* ¶ 7004.04 (15th ed. 1995). In the present case, the return receipt signed by the debtor on July 17, 1995, conclusively establishes that he received the summons and complaint, notwithstanding that they were mailed to an address not listed in the petition. Furthermore, Mr. Newton, the debtor's attorney, in his July 17, 1995 letter to Mr. Wyss, states that "[t]he P.O. Box 141, Watauga, TN 37694 is his [the debtor's] correct address and is the only address that I have." To hold under the facts before the court that service on the debtor was ineffective because of the Plaintiff's de minimis failure to comply with Rule 7004(b)(9), would be to elevate form over substance and would be inequitable to the Plaintiff. This the court will not do. *Cf. Addison v. Gibson Equip. Co. (In re Pittman Mechanical Contractors, Inc.)*, 180 B.R. 453, 457 (Bankr.E.D.Va.1995) (setting aside default judgment based on finding that the defendant did not receive the summons and a copy of the complaint and that the plaintiff "failed to direct the summons and complaint to a named individual within a corporation as required under 7004(b)(3)"); *Braden v. General Motors Acceptance Corp. (In re Braden)*, 142 B.R. 317, 319 & n. 2 (Bankr. E.D.Ark.1992) (setting aside default judgment based on finding that plaintiff did not correctly follow the procedures set forth in Fed.R.Bankr.P. 7004(b)(3), but noting that "[t]here is no indication that actual notice was received by any appropriate office of GMAC," the corporate defendant).

Thirdly, the debtor contends in his Motion that he was advised by his attorney that a complaint had been filed and "[n]either the debtor nor the attorney noted a deadline for filing an answer since the date of service on the debtor/defendant was not known." This argument is without merit. The summons shows on its face that it was issued June 29, 1995, and boldly states:

> YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court *within 30 days after the date of issuance of this summons,* except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.
>
> . . . .

---

4. *See supra* notes 1–2.

5. The debtor's address is listed in his petition as 4209 Valley Vein Drive, Knoxville, Tennessee. No zip code was provided. On April 24, 1995, the debtor filed a Notice of Change of Address listing a new address of Post Office Box 3488, Morristown, Tennessee 37814. A second Notice of Change of Address was filed on May 31, 1995, designating the debtor's address as 200 Kirk Hollow Road # 6, Erwin, Tennessee 37965. Nonetheless, Mr. Newton in his July 17, 1995 letter told Mr. Wyss that "[t]he P.O. Box 141, Watauga, TN 37694 is his [the debtor's] correct address."

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

(Italics added). This language paraphrases, in part, Bankruptcy Rule 7012, which provides that "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons." Fed.R.Bankr.P. 7012(a). The summons clearly states the time within which the answer to the complaint was due and the potential result of a failure to respond. Furthermore, the debtor's attorney has been a panel trustee for many years, has represented both debtors and creditors in Chapters 7, 11, and 13 cases, has filed numerous complaints in the bankruptcy court, and is thoroughly familiar with Part VII of the Federal Rules of Bankruptcy Procedure, including Rules 7004 and 7012(a).

■ Finally, the debtor contends that he "had not paid the agreed upon legal fees for this case ... in breach of his written fee agreement and counsel advised him upon receipt of the complaint that no answer would be filed unless the fees were paid or an agreement for payment was reached." The debtor cites no authority for his apparent argument that he is excused from responding to the complaint because he failed to reach an agreement regarding compensation with his attorney. This argument is without merit.

In sum, the debtor had ample time to respond to the complaint. The summons and a copy of the complaint were served on the debtor and his attorney on July 5, 1995, in a manner superior to that prescribed by Rule 7004(b)(9). Both the debtor and his attorney received the summons and complaint in time to file an answer.[6]

■ It is apparent from the statement in the debtor's Motion, "[s]ince the debtor has resolved the legal fee[ dispute] with counsel an Answer has been prepared," that an answer was not filed due to the inability of the debtor and his attorney to reach an agreement regarding an attorney's fee. It was only after the fee dispute was resolved that the debtor sought to set aside the default judgment and file an answer to the complaint.[7] Clearly, the debtor's " 'behavior amounts to a deliberate disregard of the proceedings pending against [him] ... [and

---

6. In fact, the debtor had an additional twenty-five days beyond the July 29, 1995 answer date mandated by Rule 7012(a), as he could have responded to the complaint at any time prior to the Plaintiff's filing of her Motion for Default Judgment on August 24, 1995. Furthermore, although not required by Fed.R.Civ.P. 55, incorporated into Fed.R.Bankr.P. 7055, a certificate appended to the Motion for Default Judgment establishes that the motion was served on the debtor and his attorney, by mail, on August 22, 1995, six days prior to the entry of the default judgment. Nonetheless, the debtor waited until September 7, 1995, sixteen days after the Plaintiff served the Motion for Default Judgment, to file the present Motion. The court finds that the debtor was apprised "of the pendency of the action" and was afforded "an opportunity to present [his] objections" to the Plaintiff's Motion for Default Judgment and to file his answer. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

7. This conclusion is warranted from statements made by Mr. Newton and the debtor in their affidavits. Mr. Newton states in paragraph 4 of his affidavit:

I spoke to Mr. Hardy on July 12, 1995 and advised him about the Complaint and also discussed whether he wanted me to defend the case. Mr. Hardy wanted to defend the case and pursuant to a written fee agreement requiring him to make a downpayment on my fees prior to filing an adversary response, he promised to stop by the office the following week when he was paid to make payment and review a draft of the Answer. Mr. Hardy never came by the office after July 12, 1995 and I had no contact with him until after I received the Motion for Default Judgment on or about August 26, 1995.

The debtor states at paragraph 13 of his affidavit:

In my discussion with Mr. Newton on or about July 12, 1995, we reached an agreement for him to defend the Adversary Case if I would return to his office the next week when I was paid to make a down payment on his attorney fee. Due to circumstances after July 12, 1995, I did not return to his office as we had agreed and had no contact with him until after the receipt of the Motion for Default.

he] intentionally chose to ignore the proceedings.'" *Waifersong, Ltd. Inc.,* 976 F.2d at 291 (quoting lower court's unreported decision).

For the reasons set forth above, the debtor's Motion to Set Aside Default Judgment will be denied. An appropriate order will be entered.