**In re AIR SOUTH AIRLINES, INC., Debtor.**

**W. Ryan Hovis, Trustee, Plaintiff,**

v.

**Grant/Jacoby, Inc., et al., Defendant.**

**Bankruptcy No. 97–07229–W.**
**Adversary No. 99–80204–W.**

United States Bankruptcy Court, D. South Carolina.

Feb. 28, 2000.

---

Robert F. Anderson, Columbia, SC, for plaintiff.

Thomas E. Lydon, Columbia, SC, for The Chicago Sun Times.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Motion to Set Aside Default and for Relief from the Default Judgment (the "Motion") by The Chicago Sun Times ("Defendant") filed with the Court on December 29, 1999. Plaintiff filed an Objection to Motion to Set Aside Default and for Relief from Default Judgment as to Defendant (the "Objection") on January 5, 1999, asserting that a relief from the Default Judgment pursuant to Rule 60(b) is not warranted in this case. Based upon the pleadings filed with the Court and arguments of counsel at the hearing on the Motion, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 28, 1997. The case was later converted to a Chapter 7, and Plaintiff was appointed as the Trustee.

2. On June 16, 1999, Plaintiff filed a complaint against Grant/Jacoby, Inc. to recover preferential transfers in the amount of $901,463.00 pursuant to 11 U.S.C. § 547(b)[2] and S.C.Code Ann. § 27–25–10.

3. Grant/Jacoby filed an Answer with the Court on July 16, 1999, asserting that it received $789,952.03 in its capacity as agent for various third party vendors.

4. On September 30, 1999, the Court entered an Order allowing the Trustee to amend the Complaint to include the third party vendors in the adversary proceeding.

5. The Amended Complaint asserts claims against Defendant for the avoidance of preferential transfers pursuant to § 547(b) and § 550 in the amount of $31,487.40.

6. According to Plaintiff's Certificate of Service, the Reissued Summons and Amended Complaint were mailed to Defendant on October 7, 1999 and directed to Officer, Manager, or General Agent at the following address:

The Chicago Sun Times

401 North Wabash Avenue

Chicago, IL 60611

7. At the hearing on the Motion, counsel for Defendant presented the Court with a copy of the envelope used by Plaintiff to serve the Reissued Summons and Amended Complaint on Anderson Independent Mail, another defendant in the adversary proceeding. The envelope did not include the designation "Officer, Manager, or General Agent;" rather, it only included the name of the defendant, Anderson Independent Mail, and its address in Anderson, South Carolina on an addressee label. At the hearing, Plaintiff admitted that, even though the correspondence attached to the

---

1. The Court notes that to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such; and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

2. Further references to the Bankruptcy Code shall be by section number only.

Reissued Summons and Amended Complaint served on the various defendants included the designation "Officer, Manager, or General Agent," the envelope did not include such a designation. Furthermore, the envelope bore the stamped return address of the Plaintiff's firm, "Anderson & Associates P.A.," but there was no clear indication that the mailing was from a law firm.

8. A temporary employee employed by Defendant was responsible for collecting all bankruptcy related documents and for forwarding them to Defendant's credit manager, Greg Llorens. On or about October 25, 1999, the temporary employee left his employment with Defendant. It was not until December 6, 1999, that Greg Llorens discovered the Reissued Summons and Amended Complaint still in an envelope on the temporary employee's desk.

9. No timely response to the Amended Complaint was filed by Defendant, and on November 17, 1999, Plaintiff filed an Affidavit of Default.

10. The Clerk of Court filed an Entry of Default and on November 22, 1999, an Order for Default Judgment was entered against Defendant in the amount of $31,487.40.

### CONCLUSIONS OF LAW

Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrep-

resentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgement should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Defendant argues that the Default Judgment should be set aside pursuant to the standard set forth in Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings under Bankruptcy Rule 9024. The basis for Defendant's Motion is that the pleadings were not properly served on Defendant; and the Court never acquired jurisdiction over Defendant, thus rendering the Default Judgment entered on November 22, 1999 void and warranting the setting aside of said judgment pursuant to Rule 60(b)(4). Alternatively, Defendant argues that the Default Judgment should be set aside for mistake, inadvertence, surprise, or excusable neglect, in accordance with Rule 60(b)(1). The Court, however, finds that relief from the Default Judgment shall be granted pursuant to the "catchall" provision of Rule 60(b)(6).[3]

The decision of whether to grant a motion for relief from judgment under the standard set forth in Rule 60(b) lies within the discretion of the Court. *See, e.g. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir.1988); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). In determining whether a judgment should be set aside under the standard of Rule 60(b), the Court must engage in a two-pronged process. First, the moving party must satisfy three requirements:

**3.** The Court finds that the Default Judgment can be set aside pursuant to Rule 60(b)(6); therefore, at this time it refrains from deter-

mining whether service of process was improper and whether the Court has personal jurisdiction over Defendant.

(1) the motion must be timely filed; (2) the moving party must have a meritorious defense to the action; and (3) the setting aside of the judgment must not unfairly prejudice the nonmoving party. *See Nat'l Credit Union v. Gray*, 1 F.3d 262, 264 (4th Cir.1993); *Park Corp.*, 812 F.2d at 896. Once the requirements of the first prong have been met, the moving party must next satisfy one of the six grounds for relief set forth in Rule 60(b). *See Park Corp.*, 812 F.2d at 896.

█ The first prong is clearly met. First, Defendant's Motion was timely made. Rule 60(b) provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." In this case, the Default Judgment was entered against Defendant on November 22, 1999. Defendant filed the Motion on December 29, 1999, thirty-seven days after the Default Judgment was entered. The Court finds that the Motion was filed within a "reasonable time" as required by Rule 60(b).

█ The second factor to consider is whether Defendant has a meritorious defense. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass*, 843 F.2d at 812. In considering the issue, it is not necessary for the moving party to establish that it will prevail on the merits of the defenses raised; all that is necessary is that the moving party make a proffer of evidence which would permit a finding in his or her favor. *See e.g. In re Baskett*, 219 B.R. 754, 760–61 (6th Cir. BAP 1998). A proffer of evidence requires more than a mere claim of a defense; rather, it involves the assertion of facts or law by testimony or affidavit, on which the defense is based. *See, e.g. Holland v. Virginia Lee Co., Inc.*, 188 F.R.D. 241, 249 (W.D.Va.1999) (quoting 12 Moore et al., § 60.24[2]) (" '[M]ere conclusionary statements that a claim or a de-

fense is meritorious will not suffice.' "). In this case, Mr. Llorens' affidavit sets forth various defenses; including a statute of limitations defense, an ordinary course of business defense, and a good faith defense under § 550.

As to the third factor, the Court finds that Plaintiff will not be prejudiced if the Default Judgment is set aside. This case involves payments that were received by defendant Grant/Jacoby from Air South in connection with advertising and related services provided by the other thirty-eight defendants in the case. Grant/Jacoby and other defendants have answered Plaintiff's Amended Complaint. As a result, Plaintiff will be required to litigate the underlying issues of the adversary proceeding with them. In his Objection, Plaintiff argues that setting aside the Default Judgment would prejudice Plaintiff because discovery was scheduled to conclude on January 17, 2000; however, on January 10, 2000, at the request of the parties, the Court entered an Amended Scheduling Order setting March 31, 2000 as the deadline for discovery. Thus, the Court finds that granting Defendant's Motion in this case would not prejudice Plaintiff.

█ The Court finds that the requirements under the first prong have been met; the next issue becomes whether setting aside the Default Judgment is warranted under one of the six grounds for relief set forth in Rule 60(b). Rule 60(b)(6) provides that a default judgment should be set aside for "any other reason justifying relief from the operation of the judgment." *See, e.g. Capstar Corp. v. Pristine Indus.*, 768 F.Supp. 518 (W.D.N.C.1991) (granting defendant's motion for relief from judgment pursuant to Rule 60(b)(6) where plaintiff mailed the summons and complaint to the President of defendant in compliance with Federal Rule of Civil Procedure 4(c)(2) and where some person at Defendant's business received the summons and complaint and signed the return receipt, even though the

President never received notice of the complaint, because the court noted that "the failure of Defendant to learn of the pendency of this lawsuit resulted from oversight on the part of Defendant's clerical personnel").

In the case now before the Court, review of the evidence indicates that relief from the Default Judgment is justified pursuant to Rule 60(b)(6). Defendant argues that the Reissued Summons and Amended Complaint were not properly served under Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure. Rule 7004(b)(3) provides:

> [S]ervice may be made within the United States by first class mail postage prepaid as follows:
>
> . . .
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

At the hearing on the Motion, Defendant presented a copy of an envelope which was used to serve the Reissued Summons and Complaint on another defendant, Anderson Independent Mail. The envelope read:

> Anderson Independent Mail
>
> 1000 Williamston Road
>
> Anderson, South Carolina 29622

The envelope was not addressed to "the attention of an officer, a managing or general agent, or to any other agent authorized by appointment . . . to receive service" as required by Rule 7004(b)(3). When questioned whether all the Reissued Summons and Amended Complaint were served in the same manner, Plaintiff explained that all the envelopes used to serve the defendants in this proceeding failed to be specifically addressed to the attention of an individual by title or name. The envelope only bore the addressee label and a stamped return address which indicated "Anderson & Associates P.A." as the sender; however, nothing on the envelope would clearly alert the recipient that it contained important legal documents or even that the envelope was sent by a law firm.

The Court refrains at this time from reaching a conclusion on whether Plaintiff failed to obtain proper service on Defendant.[4] However, the Court notes that Plaintiff's failure to direct the envelope to the attention of an officer, a managing or general agent, or to any other authorized agent, as specified in Rule 7004(b)(3), or to otherwise indicate it contained an im-

---

**4.** In the Motion, Defendant argues that it was not served in compliance with Rule 7004(b)(3) and, as a result, the Default Judgement was void. Defendant argues that in order to comply with the service requirements of Bankruptcy Rule 7004(b)(3), pleadings served by mail must be addressed to the corporation's headquarters to the attention of a specifically named individual who holds a position as officer, managing or general agent, or other agent authorized to receive service. Defendant cites the case of *Addison v. Gibson Equip. Co. (In re Pittman Mechanical Contractors, Inc.)*, 180 B.R. 453 (Bankr.E.D.Va.1995) to support its position. In *In re Pittman*, the court granted defendant's motion to set aside the default judgment because the Trustee failed to direct the summons and complaint to a' named individual within a corporation.

Even though in this case the Court makes no determination at this time as to whether service on Defendant was proper, the Court recognizes that the holding in *In re Pittman* interprets Rule 7004(b)(3) strictly, and previous precedent in this district has accepted a more lenient standard. *See Campbell v. Appliance & Kitchen Center, Inc. (In re Caudy Custom Builders, Inc.)*, 81–01764–D, Adv.Pro. 81–1081–D (Bankr.D.S.C.1984). While this Court believes that the holding in *In re Pittman* expresses a better interpretation of Rule 7004(b)(3) for policy purposes, based upon the limited and uncontested facts presently before it, it shall not hold that the Trustee's apparent reliance upon *In re Caudy* was misplaced, especially in a circumstance where a defendant actually received the Reissued Summons and Amended Complaint.

portant legal document contributed to Defendant's failure to timely respond to the Amended Complaint. There is no dispute as to the fact that, despite the lack of any designation on the envelope containing the pleadings, the Reissued Summons and Amended Complaint were received by Defendant. However, it was not until December 6, 1999, after the Default Judgment was entered, that Mr. Llorens discovered the pleadings on the temporary employees' desk. This Court believes that had the envelope been properly addressed, it may have been directed to the proper individual in a more timely fashion. The Court also observes that the fact that 18 out of the 38 added defendants in this adversary proceeding defaulted is further indicia that the lack of any designation on the envelope served on defendants may have resulted in the pleadings reaching the attention of a responsible agent for Defendant only after the Default Judgment had been entered.

The Court also notes that no evidence has been presented showing that Defendant attempted to avoid service of the pleadings. The Court finds that the uncertainty surrounding the issues of whether service was properly effected and the fact that Defendant was not trying to evade service of process meet the requirements of Rule 60(b)(6). It is therefore,

ORDERED that Defendant's Motion to Set Aside Default and for Relief from Default Judgment is granted.

IT IS FURTHER ORDERED that an answer or motion in response to the Amended Complaint shall be filed within 10 days.

**AND IT IS SO ORDERED.**