.In re FIRST LEWIS ROAD APART-
MENTS, INC., Debtor.

**Bankruptcy No. 81–00103–R.**

United States Bankruptcy Court,
E. D. Virginia, Richmond Division.

April 22, 1981.

See also, Bkrtcy., 11 B.R. 576.

Debra J. Prillaman, Asst. U.S. Atty., Richmond, Va., for United States, etc., movant.

Watson M. Marshall, Richmond, Va., for debtor.

## MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a Motion by the United States, through its Federal Housing Commissioner and Department of Housing and Urban Development, by the Assistant United States Attorney, to dismiss the petition of the Debtor under chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(b). A hearing was held in the matter and upon the conclusion of Movant's case, the Debtor moved to strike the Movant's evidence for the reason that the United States had not presented evidence sufficient to establish that it has standing to make its motion, and for the reason that the interest of the United States government in the property is adequately protected. Upon submission of briefs in argument on the issues, the Court makes the following determination.

■ The Debtor's contention that the Movant has no standing to assert a motion to dismiss due to its failure to present evidence as to the ownership of the indebtedness may be quickly disposed of. 11 U.S.C. § 1112(b) states that a party in interest may request the court to dismiss a case under chapter 11. 11 U.S.C. § 1109(b) defines a party in interest as including a creditor. The Debtor in its petition scheduled the Department of Housing and Urban Development as a creditor holding security. Clearly it is a party in interest which may bring the instant matter.

■ The Debtor also argues that the Movant is adequately protected and, therefore, has failed to meet its burden under 11 U.S.C. § 1112(b). This argument is misplaced. A motion under 11 U.S.C. § 1112(b)(1) requires a showing by the Movant of a "continuing loss to or diminution of the estate" and "absence of a reasonable likelihood of rehabilitation". The first aspect of § 1112(b)(1) may be satisfied by showing a negative cash flow after entry of the order for relief or showing of actual depreciation in the value of the property of the estate. 5 *Collier on Bankruptcy,* ¶ 1112.03[2][c][i] (15th ed.). The second aspect of § 1112(b)(1) may be satisfied by showing that the Debtor's financial condition is such to prohibit it from re-establishing itself on a firm, sound basis. 5 *Collier on Bankruptcy* ¶ 1112.03[2][c][i] (15th ed.). Accordingly, adequate protection is not a relevant consideration in ruling on a motion to dismiss under 11 U.S.C. § 1112(b)(1).

Evidence has been presented that there is a continuing loss to the Debtor's estate in that the Movant has been required to expend large sums of money to maintain the asset in operating condition. Further, diminution of the estate has been documented by evidence of continuing physical deterioration of the improvements of the property and a lessening of its value.

Additionally, evidence has been produced on the issue of the lack of a reasonable likelihood of rehabilitation of the Debtor.

Accordingly, for the foregoing reasons, it is

ORDERED that the Debtor's Motion to Strike the evidence of the Movant be, and the same hereby is DENIED.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel for the Debtor and counsel for the United States.