**In re Jaan and Lisa SCHOON, Debtor.**

**Bankruptcy No. 93–10091.**

United States Bankruptcy Court,
N.D. California.

April 12, 1993.

---

ORDER DENYING MOTION TO
AVOID LIEN BY DEFAULT

ALAN JAROSLOVSKY, Bankruptcy Judge.

Creditor Homeowners Lumber Co., Inc., holds a judgment lien on the debtors' exempt residence. Pursuant to section 522(f)(1) of the Bankruptcy Code, the debtors filed a motion to avoid the lien and served it as follows:

HOMEOWNERS LUMBER CO, INC.
Attn: President
409 Petaluma Blvd South
Petaluma, CA 94952

The creditor did not file opposition to the motion within the time allowed, and the debtors now seek entry of an order avoiding the lien by default. The sole issue before the court is whether the motion was properly served. The court determines that the motion was not served properly, and accordingly will not enter the order.

Rule 4003(d) of the Federal Rules of Bankruptcy Procedure provides that a motion by a debtor to avoid a lien under section 522(f) is a contested matter governed by Rule 9014. Rule 9014 requires that a contested matter be served in the same manner as a summons and complaint as set forth in Rule 7004. Rule 7004(b)(3) provides that if a summons and complaint are served by mail on a corporation, they must be mailed to the attention of an offi-

cer or agent of the corporation. The debtors take the position that their service is proper under the rule; the court disagrees.

█ Nationwide service of process by first class mail is a rare privilege which can drastically reduce the costs and delay of litigation. As a privilege, it is not to be abused or taken lightly. Where the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule. By addressing the envelope "Attn: President" the debtors did not serve an officer, they served an *office*. While service of an office is permitted to effect service on other types of entities (e.g. service on a municipality pursuant to Rule 7004(b)(6)), it is not a means of valid service on corporations under Rule 7004(b)(3).

█ Allowing service in the manner argued here by the debtors makes a joke of the requirement that an officer be served; it takes no more work, just an additional line on the envelope. However, the rule requires that an officer be served in order to insure that the corporation is put on notice that it is liable to lose valuable rights. Where the procedure outlined in a rule is less formal than the procedure it replaces, it should be strictly construed. The court finds that the method of service employed by the debtors does not meet the requirements of Rule 7004(b)(3), and fails to meet minimum due process requirements.

This ruling is hardly a disaster for movants or plaintiffs in bankruptcy litigation; it merely requires a little extra effort to determine the name of the president or other officer and make sure the envelope is addressed to him or her, by name. This is a small price to pay to avoid having to effect personal service.

For the foregoing reasons, the debtor's motion to avoid the lien is denied, without prejudice to a properly served motion.

SO ORDERED.