**In re James E. MILLER, Debtor.**

**Bankruptcy No. 83 B 12577.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 7, 1999.

Leroy G. Inskeep, Chicago, IL, for Plaintiff.

H. Van den Berg Hatch, Butler Durham & Willoughby, Parchment, MI, for Defendant.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter is before the Court on Debtor's Motion for Issuance of a Rule to Show Cause why his ex-employee unsecured creditor should not be held in contempt of court for violating both the Debtor's discharge and a 1987 order of this court modifying the automatic stay. Also before us is the creditor's motion to clarify the 1987 order and to determine that her workers' compensation claim is not dischargeable.

For the reasons set forth in the following opinion, we order the creditor to withdraw her action in the state of Michigan to revive a judgment obtained against Debtor for debts incurred pre-petition. The Michigan judgment is null and void as to Debtor. We order the creditor to refrain from all action to collect on that judgment.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and Local Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (I).

## BACKGROUND

On October 13, 1983, James Miller ("Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq. The case was converted to a case under Chapter 7 of the Code on June 6, 1984. Debtor listed Marie Miller ("Marie") as a general unsecured creditor in his bankruptcy schedules. Neither Marie nor any other creditor filed an objection to discharge or a complaint to determine dischargeability of a debt. This Court granted Debtor a discharge on August 24, 1984. Ultimately, the case closed on August 15, 1988.

On February 24, 1987, Marie presented a motion to the Court, based on her belief that Debtor carried both workers' compensation insurance and premises liability insurance. She requested modification of the automatic stay to allow her to pursue both a Michigan workers' compensation claim and a personal injury claim against Debtor. In Paragraph 4 of her motion, Marie states that "although it is possible that the Bankrupt had insurance coverage at the time of Plaintiff's[1] injury and was, in fact, required by Michigan law to have such insurance, Plaintiff is being denied her ability to pursue this claim because of the bankruptcy." In Paragraph 6 she states that she "also has a cause of action against the bankrupt as a result of premises liability but has not been able to initiate that claim because of the bankruptcy stay. Plaintiff is informed and believes it to be a fact that there is insurance coverage for this claim."

The Court granted Marie's motion. It ordered that "[t]he automatic stay is hereby lifted so that Marie Miller may proceed with her pending Workers' Compensation claim and a separate personal injury claim, these claims being covered by Workers' Compensation insurance and a premises liability insurance policy."

Marie proceeded with her workers' compensation claim and on October 12, 1987, the Michigan Bureau of Workers' Liability Compensation issued an open award of compensation for all Marie's reasonable and necessary medical expenses. She then discovered that Debtor did not carry workers' compensation insurance.

Marie also filed a personal injury suit against Debtor in state court and obtained a default judgment against Debtor in the amount of $1.3 million. Debtor's premises

---

**1.** Marie captioned her motion as an unnumbered adversary complaint and listed herself as plaintiff and James as Defendant. We refer to her as "Marie" because, not having filed a complaint, she cannot be a plaintiff.

liability insurance did not cover Marie's claim.

On December 22, 1997, Marie filed a complaint in Michigan state court seeking to revive the default judgment. She also requested an award of interest, fees and costs.

In response, Debtor filed his Motion for Issuance of a Rule to Show Cause and Marie filed her Motion to Clarify 1987 Order and/or Determine that Workers [sic] Compensation Claim is Not Dischargeable under 11 U.S.C. § 523(a)(2), (4), and (6). Although Marie did not raise the issue in her Motion, in her brief in support of the Motion she asks the Court to hold that Debtor violated 11 U.S.C. § 727. This matter is before us now on Debtor's Motion for Judgment on the Pleadings.

## DISCUSSION

■ All of Debtor's debts to Marie were discharged on August 24, 1984. 11 U.S.C. § 727. A discharge under Chapter 7 extinguishes all pre-petition personal liability of the debtor. *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66. Marie may not proceed with any actions against the Debtor himself to collect pre-bankruptcy debts of the Debtor.[2]

*Motion to Clarify the 1987 Order*

■ The 1987 order modifying the automatic stay is limited to allow proceedings only to the extent of Debtor's insurance coverage. It allows Marie to proceed, "these claims being covered by Workers' Compensation insurance and a premises liability insurance policy." Debtor himself was discharged of all debts to Marie incurred as a result of her employment from 1979 through 1981.

■ "Cases considering modification of the automatic stay with respect to actions on insured claims recognize the equity of permitting a civil suit to proceed where the bankruptcy estate is in no way harmed." *In*

*re Fernstrom Storage & Van Co.*, 100 B.R. 1017, 1023 (Bankr.N.D.Ill.1989), *aff'd* 938 F.2d 731 (7th Cir.1991). A primary element for consideration in modifying the automatic stay is whether the debtor or the bankruptcy estate will be prejudiced by allowing non-bankruptcy litigation to proceed. *In the Matter of Udell*, 18 F.3d 403, 410 (7th Cir. 1994). "[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors."

■ The Michigan judgment is void as to Debtor. Actions taken in violation of the automatic stay are void. *Richard v. City of Chicago*, 80 B.R. 451, 453 (N.D.Ill.1987), *see also, Kalb v. Feuerstein*, 308 U.S. 433, 440, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940) (holding that Congress intended to, and did, deprive state courts of the power and jurisdiction to maintain proceedings against debtors' property without the consent of the bankruptcy court). Discharge both voids any judgments based upon a debtor's personal liability to the extent that the judgment encompasses discharged debt and enjoins any action seeking enforcement of the judgment. *In the Matter of McFarland*, 84 F.3d 943, 945–46 (7th Cir.1996), *cert. denied, South Div. Credit Union v. McFarland*, — U.S. ——, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996).

Marie violated both the modified automatic stay and the discharge by obtaining and attempting to enforce a judgment against Debtor personally. Collection of the judgment from Debtor or the bankruptcy estate would have prejudiced Debtor and the estate. By its plain meaning, the 1987 order allowed Marie to proceed to collect possible insurance proceeds and not to collect from Debtor.

*Motion to Determine that Workers [sic] Compensation Claim Is Not Dischargeable*

Marie may not commence an action to determine dischargeability of a debt by mo-

---

**2.** As we discuss, *infra*, Marie could attempt to collect potential insurance proceeds, those funds being neither property of the Debtor nor property of the estate, so far as her actions to collect them did not impose personal liability on the Debtor. Further, if Marie had been a secured creditor, she might have been able to proceed *in rem* against those property interests of the Debtor

securing her claim. *See, e.g., In re Paeplow*, 972 F.2d 730, 734–35 (7th Cir.1992) (holding that post-discharge *in rem* actions against the debtor's property are permissible to the extent that the creditor holds a valid lien against the property). However, Marie had no pre-petition judgment liens attached to the Debtor's property. She was not a secured creditor.

tion. Nor may she now file a complaint to determine dischargeability.

■ Arguments about the nondischargeability of a debt cannot be presented by motion; nondischargeability must be determined in an adversary proceeding under Bankruptcy Rule 7001(6). *In re Allard,* 196 B.R. 402, 411 (Bankr.N.D.Ill.1996). An adversary proceeding must be commenced by a properly filed and served complaint. *In the Matter of Perkins,* 902 F.2d 1254, 1258 (7th Cir.1990). Without proper service of the complaint and summons, a federal court lacks personal jurisdiction over a defendant. *Kadlecek v. Ferguson (In re Ferguson),* 204 B.R. 202, 207 (Bankr.N.D.Ill.1997). An adversary proceeding attempted to be commenced by motion rather than by complaint will be dismissed. *Perkins,* 902 F.2d at 1258.

The Code provides that a debtor will be discharged of debts that could otherwise be held nondischargeable under § 523(a)(2), (4), and (6) if, after an adversary proceeding, the court determines that the debt is nondischargeable. 11 U.S.C. § 523(c)(1). All complaints to determine the dischargeability of a debt pursuant to § 523(c) must be filed no later than 60 days following the first date set for the meeting of creditors. Fed. R.Bankr.P. 4007.

■ A defendant may waive the procedural requirements of an adversary proceeding. *In re Stoecker,* 202 B.R. 429, 463 (Bankr.N.D.Ill.1996). However, parties must have proper notice of which claims they are called upon to defend. *Haber Oil Co., Inc. v. Swinehart (In the Matter of Haber Oil Co., Inc.),* 12 F.3d 426, 440 (5th Cir.1994). "[C]ourts should not find waiver of the procedural protections required in adversary proceedings unless the parties are apprised of and have a chance to address all the issues being decided." *Id.*

■ Marie never filed or served an adversary complaint; she did not allege jurisdiction; she has not given a statement as to whether her alleged adversary proceeding is a core proceeding as required by Bankruptcy Rule 7008. *See, Id.* at 438 (listing the creditor's failure to properly file and serve

these papers and statements as the basis for holding that the bankruptcy court erred in considering the creditor's arguments). She captioned her 1987 motion requesting modification of the stay as an adversary proceeding,[3] but call it what she will, it is no more than a motion, absent the procedural requirements for an adversary proceeding.

Debtor did not waive the procedural requirements of an adversary proceeding. Debtor was not apprised of and had no chance to address Marie's allegations of fraud. Marie did not raise the issue of fraud until 1998, more than eleven years after the date of the documents she claims constitute an adversary proceeding.

■ Nor may Marie now file an adversary proceeding to determine the dischargeability of the debt. The meeting of creditors took place fourteen years ago, a period well beyond the sixty days allowed by the Bankruptcy Rules.

### 11 U.S.C. § 727

■ Marie also asks us to hold that Debtor violated 11 U.S.C. § 727 by falsely representing that he had workers' compensation insurance. Brief in Support of Motion to Clarify Order, p. 6. Although she does not ask that we revoke Debtor's discharge, a revocation under § 727(d)(1) is the remedy the Code provides.

However, we need not address Marie's contention that Debtor made false representations because any action under § 727 is time-barred. Section 727(e)(1) provides that a creditor may request revocation of a discharge under § 727(d)(1) only within one year after the discharge is granted. 11 U.S.C. § 727(e)(1).

### CONCLUSION

For the foregoing reasons, the Court grants Debtor's motion to the extent that the Court orders Marie Miller to withdraw the action to revive the judgment against Debtor in Michigan state court. The Court denies Debtor's motion insofar as it requests further relief.

---

**3.** The space where the adversary number should appear is blank.

208

The Court has clarified the 1987 order. The Court dismisses Marie Miller's motion to determine nondischargeability.

### ORDER

**IT IS HEREBY ORDERED** that for the reasons discussed in the accompanying memorandum opinion, Debtor's Motion for Issuance of a Rule to Show Cause is granted to the extent that Marie Miller is ordered to withdraw her action to revive the judgment she obtained against Debtor in Michigan state court. That judgment is void as to the Debtor. The court denies Debtor's motion insofar as it requests further relief.

**IT IS FURTHER ORDERED** that Marie Miller's Motion to Determine that Workers [sic] Compensation Claim is Not Dischargeable is dismissed.