**In re C.V.H. TRANSPORT, INC., Debtor**

**William G. Schwab, Trustee, Plaintiff**

**v.**

**Associates Commercial Corporation, Defendant**

Bankruptcy No. 5–98–00625.
Adversary No. 5–98–00155A.

United States Bankruptcy Court,
M.D. Pennsylvania.

Sept. 27, 2000.

William G. Schwab, Trustee in Bankruptcy, Lehighton, Robert C. Nowalis, Doran & Nowalis, Wilkes–Barre, for Defendant.

Ronald V. Santora, Hourigan, Kluger & Quinn, P.C., Wilkes–Barre, for H & S Assoc.—Judgment Holder.

## *OPINION*

JOHN J. THOMAS, Bankruptcy Judge.

Associates Commercial Corporation ("Associates") has filed a Motion to Strike and/or Open Default Judgment by reason of what they view is a deficiency in the service of the original Complaint.

William G. Schwab, Chapter Seven Trustee for C.V.H. Transport, ("Schwab") initiated a preference action against Associates on July 8, 1998. Upon receipt of a Summons from the Clerk, Schwab served the Summons and the Complaint by certified mail, return receipt requested, upon the "officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process Associates Commercial Corporation." Said mailing was received and receipted by an unidentified individual at the Associates' office on July 15, 1998. The language utilized by Schwab in attempting to effectuate service parroted that found in Federal Rule of Bankruptcy Procedure 7004(b)(3).

Having failed to receive a response, the Trustee, on August 13, 1998, pursuant to local practice order, noticed Associates of an intent to file a Motion for Default. After duly moving for default judgment, judgment was entered by this Court in the amount of $6,400 on September 11, 1998.

Thereafter, Schwab sold this judgment to H & S Associates, LLC, which then initiated collection efforts against Associates. It was that effort that triggered the present Motion.

### *Discussion*

■ Federal Rule of Bankruptcy Procedure 7004(b)(3) reads:

RULE 7004. PROCESS; SERVICE OF SUMMONS, COMPLAINT

(b) Service by First Class Mail. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Federal Rule of Bankruptcy Procedure 7004

There has been some disagreement among the courts as to whether a specific "officer, ... or ... agent" must be named in order to effectuate valid service. The most frequently cited case on the issue is *In re Pittman Mechanical Contractors, Inc.*, 180 B.R. 453 (Bankr.E.D.Va.1995), which, in turn, references *In re Schoon*, 153 B.R. 48 (Bankr.N.D.Cal.1993).

The logic of the *Schoon* case rested on the following observation: "Nationwide service of process by first class mail is a rare privilege which can drastically reduce the costs and delay of litigation. As a privilege, it is not to be abused or taken lightly." *Id.* at 48. *Schoon* went on to compare the requirements of service on a municipality under Federal Rule of Bankruptcy Procedure 7004(b)(6), allowing service on an "office" with 7004(b)(3), requiring service on an "officer" or "agent" in concluding that such officer or agent must be personally named. Other courts, however, have not interpreted Rule 7004(b)(3) so strictly. *Green Tree Financial Servicing Corp. v. Karbel (In re Karbel)*, 220 B.R. 108 (10th Cir. BAP 1998)(Service on a corporation only is sufficient if that address was submitted as proper by creditor); *Ms. Interpret v. Rawe Druck-und Veredlungs–GmbH (In re Ms. Interpret)*, 222 B.R. 409, 413 (Bankr.S.D.N.Y.1998)

(mailing to address and agent listed on proof of claim is sufficient.) [1].

■ Old bankruptcy rule 704(c) is virtually identical to current Federal Rule of Bankruptcy Procedure 7004(b)(3). The Advisory Committee notes to 704(c) states, "In serving a corporation . . ., it is not necessary for the officer or agent of the defendant to be named in the address so long as the mail is addressed to the defendant's proper address and directed to the attention of the officer or agent by reference to his position or title." [2]

The current Committee is not oblivious to the ongoing issue of whether corporate service requires a mailing to a named individual. At an Advisory Committee meeting of the Bankruptcy Rules Committee held in September, 1999, the Committee considered the specific issue pending before me and one member opined that "requiring parties to name an officer, director, or managing agent would create more problems than it would solve." The Committee determined to recommend no changes to the rule. Advisory Committee on Bankruptcy Rules, Minutes of 9/28/99, 1999 WL 1845725, *14 (J.C.U.S.).

■ It is an oft-stated tenet of our system of jurisprudence that, "[a] fundamental requirement of due process of law in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Implicit in the drafting of our procedural rules is that their literal application will result in just such notice which satisfies constitutional due process requirements. That conclusion takes me to the observation that the addressee of the certified mailing in this case complies with the literal requirements of Federal Rule of Bankruptcy Procedure 7003(b)(3). *In re Outlet Department Stores*, 49 B.R. 536, 539 (Bankr.S.D.N.Y.1985). Can I expressly conclude that such compliance comports with the procedural due process requirement that service be "reasonably calculated" to provide notice to interested parties?

■ Some evidence of adequate notice lies in the fact an individual at the admitted address of Associates' office acknowledged receipt of the mailing. (See signed receipt, Exhibit A.) Nevertheless, even should Associates have received notice, I am mindful that our Circuit has stated, "notice cannot by itself validate an otherwise defective service." *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 492 (3d Cir.1993). Learned judges, however, have reminded us that an evaluation of the presence or absence of procedural due process requires more than just an examination of the language present in one rule. "The procedural process due a person should be determined by evaluating the entire procedural system, the entire corrective process that is available to him . . . ." *In re Park Nursing Center, Inc.*, 766 F.2d 261, 263 (6th Cir. 1985). In that light, Federal Rule of

---

1. There exists additional cases where only the corporation was served and not an officer, yet, service was deemed proper because of the absence of material prejudice. *Jahan Co. v. Dakota Industries, Inc.*, 27 B.R. 575 (D.N.J. 1983); *In re Schack Glass Industries Co.*, 20 B.R. 967, 972 (Bankr.S.D.N.Y.1982); *Fleet v. United States Consumer Council, Inc. (In re Fleet)*, 53 B.R. 833, 841 (Bankr.E.D.Pa.1985). I discount the application of these cases to the present facts since they questioned a "rigid formalism" when applying the service rule in light of then existing bankruptcy rule 704(h). Rule 704(h) states: "Service of process under this rule shall be effective notwithstanding an error in the papers serve or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued." Such a provision has not been retained in the current rules.

2. Advisory Committee notes are thought to be persuasive authority as to the interpretation given to rules. *Tome v. United States*, 513 U.S. 150, 115 S.Ct. 696, 130 L.Ed:2d 574 (1995).

Bankruptcy Procedure 9024, incorporating Federal Rule of Civil Procedure 60, plays a significant role in deciding the adequacy of Rule 7004(b)(3). Mindful that bankruptcy proceedings occupy "a large role in our federal judicial system," it has been proffered that "[w]hat is needed ... is a form of notice which is likely to achieve actual notice in a large volume of cases but is not overly expensive or time consuming." *Id.* at 263. Having said that, it is indeed reasonable to assume that a properly addressed envelope, directed to a corporation and the attention of an officer or agent as identified in Rule 7004(b)(3) will, in fact, be delivered to the proper person charged with responding to service of an important document. Should the document fail to timely reach the proper party, through no fault of their own, Federal Rule of Civil Procedure 60(b)(6) certainly paves the way for a defendant to expeditiously move to set aside judgment. It is this very tandem which provides the mechanism to ensure that due process requirements are met by a literal application of Rule 7004(b)(3).

Associates argues it was not until January 25, 2000, it knew it was a defendant to an adversary action. If this is true, no explanation was given for the delay in not filing the Motion to Strike and/or Open Default Judgment until March 2, 2000. A 42–day delay in filing this Motion does not weigh in Associates' favor. Notwithstanding such claim, the testimony was uncontroverted that on (1) the Summons and Complaint was actually delivered to the Associates' office on July 15, 1998; (2) the Court records indicate Notice of Intent to file Motion for Default was sent by the Trustee no later than August 20, 1998; (3) the Court records further indicate the actual default judgment was mailed by the Bankruptcy Clerk on September 11, 1998 and directed to the "Manager"; and (4) on November 9, 1998, H & S Associates, LLC, directed a letter to Sandra Koons, Collection Manager for Associates Commercial Corporation seeking to collect on the judgment. These facts suggest Associates had ample opportunity to invoke the Court's power under Federal Rule of Civil Procedure 60(b) much sooner than it did and failed to exercise that option.

With these findings in mind, I conclude that the initial service of the Complaint was proper and in literal compliance with Rule 7004(b)(3) and, if perchance, the appropriate individual at Associates did not receive this important document, Associates' failure to timely react to those documents they did receive, bars them from now seeking relief under Federal Rule of Bankruptcy Procedure 7055(c).