In re Jack Virgil **TUDOR**, Jr., Debtor.

**Fleet Credit Card Services, L.P., Movant,**

v.

**Jack Virgil Tudor, Jr., Debtor and Barnee C. Baxter, Chapter 13 Trustee, Respondents.**

**No. 01–10636.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Aug. 22, 2002.

Mr. James C. Overstreet, Jr., Augusta, GA, for Movant.

Mr. Jeffrey C. Shurtleff, Augusta, GA, for Debtor.

### *ORDER*

JOHN S. DALIS, Chief Judge.

Fleet Credit Card Services, L.P. (hereinafter "Fleet"), by motion seeks to vacate this Court's order disallowing its claim for $3,721.31. Jack Tudor (hereinafter "Debtor") in response requests that Fleet's motion be denied. Fleet asserts that service of Debtor's objection was improper under Bankruptcy Rules 3007 [1], 9014 [2],

---

1. Bankruptcy Rule 3007 states:

 An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

2. Bankruptcy Rule 9014 states:

 In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004, and, unless the court otherwise directs, the following rules shall apply: 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069,

7004(b)(3) [3] and 7004(h) [4]. The Debtor argues that 1) his objection meets the requirements of Bankruptcy Rule 7004(b)(3) and 2) Bankruptcy Rule 7004(h) does not apply because Fleet is not an FDIC-insured institution. Fleet's motion to vacate is denied. The Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 1334.

The facts are as follows. The Debtor filed for chapter 13 bankruptcy relief on March 2, 2001. Fleet timely filed a proof of claim for $3,721.31. The proof of claim in pertinent part to the matter before me sets out the following:

Name and address where notices should be sent:

Fleet Credit Card Services, L.P.

P.O. Box 1016

Horsham, PA 19044

The Debtor objected claiming that Fleet failed to serve a copy of the proof of claim with attachments upon Debtor's counsel as required by Local Bankruptcy Rule 3001–1.[5] Upon the filing of this case, the Clerk of this Court caused to be issued and served on Fleet a "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines." This notice contained the following on the front: "All creditors and their counsel who filed a proof of claim are required to serve by first class mail a true copy of such proof of claim and all attachments thereto upon the Debtor's Counsel

and 7071. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The clerk shall give notice to the parties of the entry of any order directing that additional rules of Part VII are applicable or that certain of the rules of Part VII are not applicable. The notice shall be given within such time as is necessary to afford the parties a reasonable opportunity to comply with the procedures made applicable by the order.

3. Bankruptcy Rule 7004(b)(3) states in pertinent part:

(b) Service by first class mail
(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

4. Bankruptcy Rule 7004(h) states in pertinent part:

(h) Service of process on an insured depository institution

Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—
(1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
(2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
(3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

5. Local Bankruptcy Rule 3001–1 provides:

(c) Service. All creditors and their counsel who file a proof of claim in this Court are hereby directed to serve by First Class Mail a true copy of said proof of claim and all attachments thereto upon the debtors' counsel of record at the address of said debtors' counsel shown on the Notice of Creditors Meeting convened pursuant to 11 U.S.C. § 341. The filing of such proof of claim shall constitute a certificate by said creditor and/or its counsel that this order has been complied with. Said creditors and/or their counsel, are however, directed not to file any separate certificate of service in the Clerk's Office.

of Record whose address is shown on the Notice of the Meeting of Creditors." The same basic language was again set forth on the reverse of this notice. Upon the filing of the objection, the Clerk issued the following notice to Debtor's Counsel for service on the holder of the objected to claim.

### NOTICE OF OBJECTION TO CLAIM

Movant has objected to your claim filed in this bankruptcy case.

If you have legal grounds to oppose the objection, or if you wish the Court to consider your views on the objection, you must file a written request for a hearing with the Clerk of the Bankruptcy Court before the expiration of thirty (30) days from the date stated in the certificate of service.

If you mail your request for a hearing to the court, you must mail it early enough so that it will be received within the time referenced above.

Any request for a hearing must also be mailed to the moving party and all other persons indicated in the certificate of service attached to these pleadings.

If a timely request is filed, you will receive a notice of the date, time and place of hearing.

If you or your attorney do not take these steps, the Court will decide that you do not oppose the objection to your claim and will enter an order reducing, modifying or eliminating your claim. . . .

The completed notice filed with the Clerk was dated July 11, 2001 and signed by Debtor's counsel.

According to the July 11, 2001 certificate of service, the objection and notice of objection to claim was served by first class U.S. mail to the following:

Fleet Credit Card Serv

ATTN: Managing Agent

PO Box 1016

Horsham, PA 19044

Fleet did not respond. I entered an order disallowing Fleet's claim on August 20, 2001.

On December 4, 2001, Fleet filed this motion to vacate the order disallowing its claim and a hearing was held on March 4, 2002. Fleet asserts that the Debtor failed to serve the objection in compliance with Bankruptcy Rule 7004(b)(3). Insofar as Fleet meets the definition of entities described in this rule, Debtor was required but failed to name an individual agent or officer. In addition, Fleet argues that the Debtor should have served the objection in compliance with Bankruptcy Rule 7004(h) because it is a wholly-owned subsidiary of Fleet Bank, which is an FDIC-insured institution.

 Objections to claims are contested matters and therefore must be served in compliance with Bankruptcy Rule 7004. FED. R. BANKR. P. 9014; 7004; *see United States v. Archer (In re Archer),* Chapter 13 Case No. 92–60571 slip op. at 3 (Bankr. S.D. Ga. Statesboro Division, September 30, 1993)(J. Dalis). A partnership may be served by first class mail provided that notice is addressed to "the attention of an officer, a managing or general agent." FED. R. BANKR. P. 7004(b)(3). Fleet argues that the Debtor failed to give adequate notice pursuant to Rule 7004(b)(3) because no individual agent or officer was named.

Courts are divided as to whether notice may be addressed simply to an unspecified officer or agent or if the notice must be addressed . to an named individual. *Schwab v. Associates Commercial Corp. (In re C.V.H. Transport, Inc.),* 254 B.R. 331, 332 (Bankr.M.D.Pa.2000). Fleet relies upon *Addison v. Gibson Equipment Co., Inc. (In re Pittman Mechanical Contractors, Inc.),* 180 B.R. 453 (Bankr. E.D.Va.1995), holding that because "na-

tionwide service of process by first class mail was a rare privilege," notice addressed to "President or Corporate Officer" was improper because no individual was named. *Id.* at 454, 456–57, *citing* In re *Schoon,* 153 B.R. 48, 49 (Bankr.N.D.Cal. 1993). Other courts have held that addressing notice to "officer" or "agent" meets the literal requirements of Rule 7004(b)(3). *In re C.V.H. Transport, Inc.,* 254 B.R. at 333. In *C.V.H. Transport,* the debtor mailed a summons addressed to an "officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process Associates Commercial Corporation." *Id.* at 332. The *C.V.H. Transport, Inc.* court reviewed the advisory committee notes for prior bankruptcy rule 704(c), which is nearly identical to the current Rule 7004(b)(3). These advisory notes state that notice may be " 'directed to the attention of the officer or agent by reference to his position or title.' " *Id.* at 333. The 1999 advisory committee revisited the issue and decided that " 'requiring parties to name an officer, director, or managing agent would create more problems than it would solve.' " *Id.* Relying on these comments the *C.V.H. Transport* court held that addressing an officer or agent by title is sufficient. *Id.* at 334. I am persuaded by the reasoning of *C.V.H. Transport.* In the instant case, the Debtor met the requirements of Rule 7004(b)(3) by mailing notice to the attention of "Managing Agent."

Fleet also maintains that the Debtor gave improper notice because notice of the objection was mailed to the address listed on Fleet's proof of claim form. According to Fleet, this address had no relationship to any agent for service of process and that "Debtor had no reason to believe that an agent for service of process was located at the same location as the Bankruptcy Analyst who executed the Proof of Claim."

■ Contrary to Fleet's assertions, the address on a proof of claim designates where notices are to be sent. *Ms. Interpret v. Rawe Druck–und–Veredlungs–GmbH (In re Ms. Interpret),* 222 B.R. 409, 415 (Bankr.S.D.N.Y.1998)(service proper where debtor served adversary complaint to agent listed on defendant's proof of claim); *see also Green Tree Financial Servicing Corp. v. Karbel,* 220 B.R. 108, 112 (10th Cir. BAP 1998). Fleet listed the address used for service on its proof of claim form, which designates the address block as "where notices should be sent." Fleet designated this address for future notices.

■ Fleet also argues that it should have been served in compliance with Rule 7004(h) because it is a wholly owned subsidiary of an insured depository institution. Insured depository institutions are to be served by certified mail addressed to an officer of the institution unless the institution has already appeared by its attorney or has waived its right to service by certified mail. FED. R. BANKR. P. 7004(h). An insured depository institution is "any bank or savings association the deposits of which are insured by the [Federal Deposit Insurance Corporation] pursuant to [12 U.S.C. § 1811 *et seq.* ]." 12 U.S.C. § 1813(c)(2). The Federal Deposit Insurance Corporation Act defines bank as "any national bank, State bank, and District bank, and any Federal Branch and insured branch;" a savings association is defined as any Federal or state savings association. 12 U.S.C. § 1813(a) & (b).[6] Nowhere does

---

**6.** 12 U.S.C. § 1813(a) & (b) reads in pertinent part:

(a) Definitions of bank and related terms

(1) Bank
The term "bank"—

the statute include subsidiaries wholly owned or otherwise in its definition of insured depository institutions. In fact "subsidiary" is defined separately within 12 U.S.C. § 1813. 12 U.S.C. § 1813(w)(4).[7] A creditor is therefore not entitled to be served under Rule 7004(h) by virtue of its being a subsidiary of an insured depository institution. Because Fleet Credit Card Services, L.P. the named party in this matter is not an insured bank or saving association service was proper under Bankruptcy Rule 7004(b)(3).

To require service of subsidiaries of insured depository institutions in compliance with Rule 7004(h) would place an unreasonable burden on debtors because of the complicated web of relationships that commonly exist between subsidiaries and their holding companies.[8] In this case, Fleet Credit Card Services, L.P., is owned by Fleet Credit Card Holdings, Inc., which is owned by Fleet Bank (RI) National Association which is owned by Fleet National Bank, which in turn is owned by FleetBoston Financial Corporation. National Information Center Complete Summary Hierarchy Report for FleetBoston Financial Corporation as of 12/31/2001, *available at* http://www.ffiec.gov/nic (May 7, 2002). The FDIC lists FleetBoston Financial Corporation as a bank holding company and Fleet National Bank and Fleet Bank (RI) National Association as FDIC members. *FDIC: Bank Holding Company Detail, available at* http://www3.fdic.gov/idasp/ (May 1, 2002). The

(A) means any national bank, State bank, and District bank, and any Federal branch and insured branch;
(B) includes any former savings association that—
(i) has converted from a savings association charter; and
(ii) is a Savings Association Insurance Fund member.
(2) State bank
The term "State bank" means any bank, banking association, trust company, savings bank, industrial bank (or similar depository institution which the Board of Directors finds to be operating substantially in the same manner as an industrial bank), or other banking institution which—
(A) is engaged in the business of receiving deposits, other than trust funds (as defined in this section); and
(B) is incorporated under the laws of any State or which is operating under the Code of Law for the District of Columbia (except a national bank),
including any cooperative bank or other unincorporated bank the deposits of which were insured by the Corporation on the day before August 9, 1989.
. . . .
(b) Definition of savings associations and related terms
(1) Savings association
The term "savings association" means—
(A) any Federal savings association;

(B) any State savings association; and
(C) any corporation (other than a bank) that the Board of Directors and the Director of the Office of Thrift Supervision jointly determine to be operating in substantially the same manner as a savings association.

7. 12 U.S.C. § 1813(w) states in pertinent part:
(w) Definitions relating to affiliates of depository institutions
(4) Subsidiary
The term "subsidiary"—
(A) means any company which is owned or controlled directly or indirectly by another company; and
(B) includes any service corporation owned in whole or in part by an insured depository institution or any subsidiary of such a service corporation.

8. Rule 7004(h) has been criticized for putting an undue burden on debtors serving insured depository institutions. *Bankruptcy Proceedings Service of Process Act 1993*, 139 Cong. Rec. S707, S709 (Jan. 26, 1993) (Letter from Robert E. Keeton, Chairman of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States to Senator Joseph R. Biden, Jr., Chairman of the Committee of the Judiciary (March 26, 1992)); *see also* Mary Davies Scott & Kimberly Forseth Woodyard, *Bankruptcy Reform Act of 1994 Sections Affecting Secured Lenders*, C995 ALI–ABA 301, 312 (1995).

FDIC list does not name Fleet Credit Card Services, L.P. The Secretary of State in Rhode Island, where Fleet is registered as a limited partnership, only lists Fleet Credit Card Holdings, Inc. as a general partner. Nowhere in the disclosures available from the Secretary of State of Rhode Island is Fleet Credit Card Services, L.P.'s connection to the FDIC-insured Fleet Bank (RI) National Association listed. State of Rhode Island and Providence Plantation Office of the Secretary of State Corporations Division, *available at* http://www.corps.state.ri.us (May 1, 2002).

■ What must a debtor do to comply with Rule 7004(h) when serving a defendant in a contested matter or adversary proceeding? Bankruptcy Rule 7004(h) creates a procedural trap for unsophisticated debtors without the resources to research the FDIC-insured status of creditors. Compliance is however required. Debtors seeking to effectuate proper service should not be required to perform an exhaustive search to determine whether a defendant creditor is an insured depository institution. As previously noted, the FDIC maintains a comprehensive on-line directory of insured financial institutions. *FDIC: Institution Directory, available at* http://www3.fdic.gov/idasp/ (May 1, 2002). Parties complying with Rule 7004(h) may rely on this directory to find whether the subject of service is listed as an insured financial institution. In this case certified mail service was not required.

Debtor having complied with the Federal Rules of Bankruptcy Procedure for service of his objection and this court's notice and Fleet having failed to explain its failure to comply with the service requirements of Local Bankruptcy Rule 3001–1, the motion of Fleet Credit Card Services, L.P. seeking to vacate the order striking its claim is ORDERED denied.