In re OUTBOARD MARINE
CORPORATION, et al.,
Debtors.

Alex D. Moglia, not personally but as Chapter 7 Trustee for Outboard Marine Corporation and Its Related Debtor Entities, Plaintiff,

v.

Lowitz & Sons, Defendant.

Bankruptcy No. 00 B 37405.
Adversary No. 02 A 01640.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 11, 2007.

Janice A. Alwin, Steven B. Towbin, Shaw Gussis Fishman Glantz Wolfson & Tow, Chicago, IL, for Alex Moglia.

Warren Lupel, Michael B. Weininger, Lawrence M. Karlin, Lupel Weininger LLP, Chicago, IL, for Lowitz & Sons.

Alex D. Moglia, Trustee.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Lowitz & Sons, Inc. ("Lowitz") pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) to vacate a default judgment entered against Lowitz and in favor of Alex D. Moglia (the "Trustee"), as trustee for the bankruptcy estate of Outboard Marine Corporation and its related debtor entities (the "Debtors"), and to dismiss the adversary proceeding pursuant to Federal Rule of Civil Procedure 4(m). For the reasons set forth herein, the Court denies the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O).

## II. FACTS AND BACKGROUND

The facts are not disputed. Lowitz is an Illinois corporation with its principal place of business located in Chicago. (Mot. to Vacate Ex. No. 1, Aff. of Jeffrey Lowitz ¶ 1.) Lowitz is engaged in the printing and graphic arts business as a "multi-source direct manufacturer's representative." (Id. ¶ 5.) Lowitz acts as a broker by putting businesses in need of printing and graphics services in touch with printers and design professionals who provide these services. (Id.) On December 22, 2000, the Debtors filed voluntary Chapter 11 bankruptcy petitions. (Resp. in Opp'n Ex. A, Aff. of Patrick A. Clisham ¶ 4.) On August 20, 2001, the Debtors' cases were converted to Chapter 7. (Id.) Thereafter, the Trustee was appointed as the Chapter 7 Trustee of the Debtors' estates. (Id.)

From December 2000 to October 31, 2002, the offices of Lowitz were located at 805 West Randolph Street, Suite 200, Chicago, Illinois 60607. (Lowitz Aff. ¶ 1.) At all times after November 1, 2002, the offices of Lowitz were located at 811 West Evergreen Avenue, Chicago, Illinois 60622. (Id. ¶ 2.)

On January 25, 2002, the Trustee sent a letter to Lowitz demanding the return of certain alleged preferential transfers made by the Debtors to Lowitz in the ninety days preceding the filing of the Debtors' bankruptcy cases. (Clisham Aff. ¶ 5.) The letter was addressed to "Lowitz & Sons, 805 W. Randolph St., Suite 200, Chicago, IL 60607, Attention: Chief Financial Officer." (Id.) Thereafter, on October 24, 2002, having heard no response from Lowitz, the Trustee filed the instant adversary proceeding. (Id. ¶¶ 5 & 6.) The complaint against Lowitz sought to avoid and recover alleged preferential transfers in the sum of $49,235.51. (Id. ¶ 6.) On that same date, the Trustee served the summons and a copy of the complaint on Lowitz. (Id.) The verified certificate of service for the summons indicated that a copy of the summon and complaint were served upon Lowitz at "Lowitz & Sons, c/o Chief Executive Officer, 805 W. Randolph St., Suite 200, Chicago, IL 60607" by first class, United States mail, with proper postage affixed thereto. (Id.; Docket No. 7.)

Lowitz did not answer the complaint, and, therefore, on February 3, 2003, the Trustee served on Lowitz, at its Randolph Street address, a motion for entry of default judgment, which was to be heard on

February 11, 2003. (*Id.* ¶ 7; Mot. to Vacate Ex. No. 3.) On February 11, 2003, no one appeared on behalf of Lowitz. (Clisham Aff. ¶ 8.) The Trustee informed the Court that he did not receive any return mail from the summons and complaint. (*Id.*) Based on the Trustee's representation and the failure of any one to appear for Lowitz, the Court entered a default judgment in the sum of $49,235.51. (Docket No. 10.)

According to Jeffrey Lowitz, the president of Lowitz, he did not receive the demand letter that the Trustee sent on January 25, 2002. (Lowitz Aff. ¶¶ 1 & 14.) In addition, he avers that has no recollection of receiving the summons or complaint, although he contends that he personally opened all mail addressed to him rather than delegating that task to a clerical person. (*Id.* ¶¶ 9 & 10.) Further, Jeffrey Lowitz contends that he did not receive a copy of the motion for default judgment because by February of 2003, Lowitz had relocated its offices to the Evergreen Avenue address and was no longer conducting business from the Randolph Street address. (*Id.* ¶ 11.) Jeffrey Lowitz states that he first became aware of the default judgment on November 9, 2006, when he received a telephone call from a man named Ron Lapato of C & W Consultants, a firm hired by the Trustee to collect the judgment. (*Id.* 6.) Jeffrey Lowitz contends that he saw the complaint and default judgment for the first time on November 10, 2006, after Ron Lapato sent him a facsimile. (*Id.* ¶¶ 7 & 8.)

Lowitz filed the instant motion to vacate the default judgment under Federal Rules of Civil Procedure 55(c) and 60(b) and to dismiss the adversary proceeding pursuant to Federal Rule of Civil Procedure 4(m) on November 21, 2006. (Docket No. 13.) The Trustee opposes the motion. Both parties filed briefs and affidavits in support of their respective positions.

### III. *APPLICABLE STANDARDS*

Federal Rule of Bankruptcy Procedure 7055(c), which incorporates by reference Federal Rule of Civil Procedure 55, governs the vacation of a default judgment and provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. BANKR.P. 7055(c). Federal Rule of Civil Procedure 60(b), in turn, provides, in part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) ... not more than one year after the judgment, order, or proceeding was entered or taken.

FED.R.CIV.P. 60(b). Rule 60(b) applies in this matter via Federal Rule of Bankruptcy Procedure 9024.

 Lowitz requests relief under Rule 60(b)(4) in the title of its motion, but in the body of the motion it cites to Rule 60(b)(1), (4), and (6). Relief under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect is not available to Lowitz because the default judgment was entered in February of 2003 and the instant motion was made in November 2006, over three years after the judgment was entered. In addition, relief under Rule 60(b)(6), known as the catch-all provision, is also unavailable to Lowitz because the grounds for the relief requested fit within another provision of Rule 60(b).

*See Margoles v. Johns,* 798 F.2d 1069, 1073 n. 6 (7th Cir.1986); *In re Hunt,* 293 B.R. 191, 194 (Bankr.C.D.Ill.2003) *(citing Margoles ).* Indeed, the real focus of this matter is on Rule 60(b)(4) and whether the judgment is void as a result of improper service of the summons and complaint on Lowitz. There is no time limitation placed on a motion to set aside a judgment as void under Rule 60(b)(4). *In re Hanson,* 397 F.3d 482, 485 (7th Cir.2005); *Margoles,* 798 F.2d at 1073 n. 6.

■■■ In order to succeed in vacating a default judgment under Rule 55(c), a defendant must show good cause for the default, quick action to correct it, and a meritorious defense to the complaint. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1401 (7th Cir.1993). "The same requirements, although more strictly applied, must be met to set aside a default judgment under Rule 60(b)." *O'Brien,* 998 F.2d at 1401; *United States v. DiMucci,* 879 F.2d 1488, 1495 (7th Cir. 1989).

■■■ "In order for a federal court to exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Kadlecek v. Ferguson (In re Ferguson),* 204 B.R. 202, 207 (Bankr.N.D.Ill.1997). *See also In re Miller,* 228 B.R. 203, 207 (Bankr.N.D.Ill.1999) (stating that without proper service of a complaint and summons, a federal court lacks jurisdiction over a defendant). Improper service of process destroys a court's personal jurisdiction, making any judgment entered against the improperly served party void. *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.,* 126 F.R.D. 48, 51 (N.D.Ill.1989). A judgment is void for purposes of Rule 60(b)(4) if entered by a court without jurisdiction or if a party

acted in a manner inconsistent with due process. *Robinson Eng'g Co., Ltd. Pension Plan & Trust v. George,* 223 F.3d 445, 448 (7th Cir.2000); *In re Czykoski,* 320 B.R. 385, 388 (Bankr.N.D.Ind.2005); *Mountain Nat'l Bank v. Brackett (In re Brackett),* 243 B.R. 910, 913 (Bankr. N.D.Ga.2000).

In this matter, the Court finds, for the reasons set forth herein, that Lowitz has failed to satisfy the first requirement— that is, under either the more liberal standard of Bankruptcy Rule 55(c) or the stricter standard of Rule 60(b), Lowitz has not established good cause for its failure to . answer, or otherwise timely respond to, the Trustee's complaint.

## IV. DISCUSSION

Jeffrey Lowitz contends that he did not receive the complaint or summons and that he had no knowledge of the adversary proceeding until sometime in · November 2006, when he received a telephone call from a representative of a collection agency that advised him of the default judgment. According to Lowitz, because the Trustee did not specifically address the summons to Jeffrey Lowitz, but instead addressed it to the attention of "chief financial officer," service was defective under Federal Rule of Bankruptcy Procedure 7004(b)(3).

■ Bankruptcy Rule 7004(b)(3) provides the method of service of a complaint and summons on a corporation in an adversary proceeding and provides as follows:

(b) [S]ervice may be made within the United States by first class mail postage prepaid as follows:

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint

*to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

FED. R. BANKR.P. 7004(b)(3) (emphasis supplied). Moreover, Federal Rule of Bankruptcy Procedure 9006(e) states that "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." FED. R. BANKR.P. 9006(e). Hence, under Bankruptcy Rule 9006(e), upon mailing, service is complete. *Turgeon v. Victoria Station Inc. (In re Victoria Station Inc.),* 840 F.2d 682, 684 (9th Cir.1988).

Bankruptcy Rule 7004 "does not require proof of actual receipt; it requires only that the summons and complaint be mailed...." *In re Vincze,* 230 F.3d 297, 299 (7th Cir.2000) (holding pursuant to Bankruptcy Rule 7004(b)(9) that because the creditor mailed the complaint and summons to the debtors' attorney and to the address listed in the debtors' bankruptcy petition, service of process was sufficient even if the debtors were out of the country and did not actually receive notice of the complaint and summons). *See also Attorneys' Title Ins. Fund, Inc. v. Zecevic (In re Zecevic),* 344 B.R. 572, 575 (Bankr. N.D.Ill.2006) (*citing Vincze* ). Thus, under the Bankruptcy Rules, a plaintiff's obligations are fulfilled when the complaint and summons are sent to the defendant. *In re Schepps Food Stores, Inc.,* 152 B.R. 136, 140 (Bankr.S.D.Tex.1993).

Counsel for the Trustee filed a verified certificate of service which showed that Lowitz was served with the summons and complaint by first class mail on October 24, 2002, in care of its chief executive officer at its Randolph Street address.

The Seventh Circuit has stated that "[a] signed return of service constitutes prima facie evidence of valid service 'which can by overcome only by strong and convincing evidence.'" *O'Brien,* 998 F.2d at 1398 (*quoting Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir.1955)). *See also Perfect Parking,* 126 F.R.D. at 52 (finding that a certification of service is entitled to a prima facie presumption of its validity and effectiveness); *Attorney Registration & Disciplinary Comm'n of the Sup.Ct. of Ill. v. Betts (In re Betts),* 143 B.R. 1016, 1022 (Bankr.N.D.Ill.1992) (same).

The Court finds that Lowitz has failed to rebut the presumption of receipt and has failed to establish that it did not receive the summons and complaint sent to it. Jeffrey Lowitz's mere denial of receipt of the summons and complaint falls short of what is required to overcome the prima facie evidence of service. *See Brackett,* 243 B.R. at 914. "[A] party must do more than merely assert that it did not receive the mailing; its testimony or affidavit of non-receipt is insufficient, standing alone, to rebut the presumption." *Ms. Interpret v. Rawe Druckund Veredlungs–GmbH (In re Ms. Interpret),* 222 B.R. 409, 413 (Bankr.S.D.N.Y. 1998). *See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dodd (In re Dodd),* 82 B.R. 924, 929 (N.D.Ill.1987) (stating that a party must do more than show that he searched the relevant files and failed to find the mailing). The fact that Jeffrey Lowitz did not personally receive the summons and complaint does not mean that someone at Lowitz did not receive it. Lowitz does not contend that the Trustee mailed the summons and complaint to an incorrect address. Indeed, the summons and complaint were mailed to the Randolph Street address, which was Lowitz's proper address at that time. When a properly addressed envelope is

mailed, there is a presumption that the defendant received the mailing. *In re marchFirst, Inc.,* 345 B.R. 866, 869 (Bankr.N.D.Ill.2006); *In re Glenwood Med. Group,* 211 B.R. 282, 286 (Bankr. N.D.Ill.1997).

 Moreover, tipping the scales further against Lowitz, the Trustee contends that the envelope which contained the summons and complaint was not returned to him as undeliverable by the United States postal service. The presumption that a properly addressed mailing was received by the addressee is strengthened when, as in the matter at bar, the envelope was not returned to the sender. *See In re Longardner & Assocs., Inc.,* 855 F.2d 455, 460 (7th Cir.1988). Lowitz does not argue that the summons and complaint were not actually received by it. Rather, Lowitz contends that those documents were not personally received by Jeffrey Lowitz. There is no showing that he was the sole agent of Lowitz or that he alone handled all of its mail. This argument is insufficient to rebut the presumption that the summons and complaint were received by someone at Lowitz.

 Next, the Court finds that the Trustee's failure to address the summons and complaint to a named individual does not render service ineffective under Bankruptcy Rule 7004(b)(3). Lowitz argues that the Court should follow the line of cases that holds that a plaintiff must address the summons to a named officer or managing agent, not merely to the office that person holds. *See In re Golden Books Family Entm't, Inc.,* 269 B.R. 300, 305 (Bankr.D.Del.2001); *Addison v. Gibson Equip. Co. (In re Pittman Mech. Contractors, Inc.),* 180 B.R. 453, 457 (Bankr. E.D.Va.1995); *In re Schoon,* 153 B.R. 48, 49 (Bankr.N.D.Cal.1993); *In re Faulknor,* No. R04–43921–PWB, 2005 WL 102970, at

*2 (Bankr.N.D.Ga. Jan.18, 2005). These cases are not binding on the Court.

This issue is one of first impression for the Court. The Seventh Circuit Court of Appeals has not addressed this issue, nor has any district or bankruptcy court in Illinois decided this precise issue. This matter is of great practical significance especially in large bankruptcy cases like these where there were over 1000 adversary proceedings filed.

The Court finds that the text of Bankruptcy Rule 7004(b)(3) does not require that a plaintiff serve by name the corporate officer or managing or general agent. Rather, the plain language of the Rule mandates only that the mailing be sent to the attention of an officer or a managing or general agent. The Court follows the line of cases that holds that Bankruptcy Rule 7004(b)(3) does not require a plaintiff to specifically name an officer or managing or general agent. *See In re Rushton,* 285 B.R. 76, 81 (Bankr.S.D.Ga.2002); *In re Tudor,* 282 B.R. 546, 550 (Bankr.S.D.Ga. 2002); *Schwab v. Assocs. Commercial Corp. (In re C.V.H. Transp., Inc.),* 254 B.R. 331, 334 (Bankr.M.D.Pa.2000); *Teitelbaum v. Equitable Handbag Co. (In re Outlet Dept. Stores, Inc.),* 49 B.R. 536, 539 (Bankr.S.D.N.Y.1985); *Hovis v. ITS, Inc. (In re Air S. Airlines, Inc.),* Nos. 97–07229–W, 99–80166–W, 1999 WL 33486097, at *1 (Bankr.D.S.C. Sept.1, 1999). Under the rationale of these decisions, a plaintiff complies with Bankruptcy Rule 7004(b)(3) as long as he sends the mailing to the attention of an officer or managing agent. In support of this line of reasoning, the *C.V.H. Transport* court quoted the Advisory Committee's Notes to former Bankruptcy Rule 704(c), which is identical to current Bankruptcy Rule 7004(b)(3):

> In serving a corporation ..., it is not necessary for the officer or agent of the defendant to be named in the address so

long as the mail is addressed to the defendant's proper address and directed to the attention of the officer or agent by reference to his position or title.

*C.V.H. Transp.*, 254 B.R. at 333. The United States Supreme Court has stated that the Advisory Committee's Notes are "a useful guide in ascertaining the meaning of the Rules." *Tome v. United States,* 513 U.S. 150, 160, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995). The *C.V.H. Transport* court went on to further quote from a meeting of the Advisory Committee on Bankruptcy Rules held in September of 1999, wherein the Committee revisited the issue and decided that " 'requiring parties to name an officer, director, or managing agent would create more problems than it would solve.' The Committee determined to recommend no change to the rule." 254 B.R. at 333 (*quoting* Minutes of Advisory Comm. on Bankr.Rules, 1999 WL 1845725, at *14 (Sept. 28, 1999)).

The Court finds that the plain language of Bankruptcy Rule 7004(b)(3) along with the Advisory Committee Notes support the finding that the Trustee complied with the literal language of Bankruptcy Rule 7004(b)(3) when he sent the complaint and summons to the attention of the chief executive officer of Lowitz without specifically naming him. If the drafters of Bankruptcy Rule 7004(b)(3) intended for an officer or general or managing agent to be identified by name, they could have stated such in the Rule. Instead, the Rule requires only that the mailing be addressed "to the attention of an officer, a managing or general agent" not to the name of an officer or managing or general agent. FED. R. BANKR.P. 7004(b)(3). That was done in this matter.

The Court declines Lowitz's request to follow the line of cases that requires a plaintiff to direct the service of process to the corporate officer or agent by name.

The Court disagrees with the rationale of these cases. In particular, the Court takes issue with the finding of the court in *Schoon* that addressing the summons to the attention of an officer is insufficient and "makes a joke of the requirement that an officer be served; it takes no more work, just an additional line on the envelope." 153 B.R. at 49. In order for a plaintiff to ascertain an officer or managing or general agent of a corporation, he must do a search of state records. Some corporations do not keep those records updated, and frequently, officers change during a company's fiscal year without the immediate updating of the annual report filed with the secretary of state to reflect those changes. In such a scenario, if a plaintiff was to list "John Doe" as the officer or managing or general agent of a corporation, and John Doe was no longer in that capacity because the corporation failed to update its records, service of process would be defective under this logic. Inaccurate corporate records would unfairly render otherwise adequate and proper service invalid. The Court rejects the argument that Bankruptcy Rule 7004(b)(3) requires a plaintiff to take the extra step of searching state records in order to ascertain the specific name of a corporate officer or managing or general agent, and then serve that individual by name as such officer or agent.

The plain language of the Rule requires only that the mailing be directed to the attention of the officer or agent by reference to his position or title, not by reference to his name. The present text of the Rule makes no such requirement. If the drafters of Bankruptcy Rule 7004(b)(3) intended for a plaintiff to serve an officer or agent by name, they could have included the necessary language. Instead, as noted by the court in *C.V.H. Transport,* those drafters rejected the notion that the officer

or agent be named in the address. 254 B.R. at 333. This Court will not impose such a requirement given the Advisory Committee's Notes to Bankruptcy Rule 7004(b)(3)'s predecessor, Bankruptcy Rule 704(c).

Thus, the Court finds that the Trustee properly served Lowitz with the summons and complaint. Hence, the default judgment entered against Lowitz and in favor of the Trustee is valid. The delay between the entry of the default judgment in 2003 and the Trustee's efforts to collect it beginning in 2006 is inapposite to the issue of whether there was proper in personam jurisdiction acquired over Lowitz when it was served with the summons and complaint. Accordingly, the Court denies the motion of Lowitz to vacate the default judgment and to dismiss the adversary proceeding.

## V. CONCLUSION

For the foregoing reasons, the Court denies Lowitz's motion to vacate the default judgment and to dismiss the adversary proceeding.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.